JOHN W. CALDER *vs.* JOHN KURBY.

A license to retail spirituous liquors, granted for one year, and for which the licensee has paid one dollar to the clerk of the board issuing it, as required by statute, is not a con-tract; and is annulled by the passage, within the year, of a statute prohibiting all sales of intoxicating liquors, except in certain cases not within such a license.

ACTION OF CONTRACT to recover the price of spirituous liquors sold to the defendant by the plaintiff without other authority than a license granted by the mayor and aldermen of Boston, purporting to be in force from the 5th of May 1852 to the 1st of April 1853, and for which the plaintiff had paid one dol-lar to the city clerk, pursuant to Rev. Sts. *c.* 47, §§ 17–20. Some of the sales were made before, and some since the *St.* of 1852, *c.* 322, took effect.

The parties submitted the case to the court upon these facts, with an agreement that if the sales made since the *St.* of 1852, *c.* 322, took effect were invalid, judgment should be rendered for the plaintiff for $19.24 ; if they were valid, for $111.17.

*C. C. Nutter,* for the plaintiff. The license having been

granted to the plaintiff under a statute of the Commonwealth, for a valuable consideration, constituted a contract, which the legislature had no constitutional power to annul or impair. At least, no general law, without express terms of revocation, and provisions for the indemnity of the party licensed, could operate to impair the obligation of the contract thus created. 2 Story on Const. U. S. §§ 1391, 1392. *Rerick* v. *Kern*, 14 S. & R. 271. *Hirn* v. *State*, 1 Ohio State R. 15. *State* v. *Hawthorn*, 9 Missouri, 385. *State* v. *Phalen*, 3 Harring. (Del.) 441. *People* v *Toynbee*, 20 Barb. 168.

No counsel appeared for the defendant.

Bigelow, J. The whole argument of the counsel for the plaintiff is founded on a fallacy. A license under Rev. Sts. *c.* 47, authorizing a person to retail spirituous and intoxicating liquors, does not create any contract between him and the government. It bears no resemblance to an act of incorporation, by which, in consideration of the supposed benefit to the public, certain rights and privileges are granted by the legislature to individuals, under which they embark their skill, enterprise and capital. The statute regulating licensed houses has a very different scope and purpose. It was intended to restrain and prohibit the indiscriminate sale of certain articles deemed to be injurious to the welfare of the community. The effect of a license was merely to permit a person to carry on the trade under certain regulations, and to exempt him from the penalties provided for unlawful sales. It therefore contained none of the elements of a contract. The sum paid for it was merely nominal. And there was no agreement, either express or implied, that it should be irrevocable. On the contrary, it is manifest that this statute, like those authorizing the licensing of theatrical exhibitions and shows, sales of fireworks, Rev. Sts. *c.* 58, sales by auction, Rev. Sts. *c.* 29, and other similar enactments, was *a* mere police regulation, intended to regulate trade, prevent injurious practices, and promote the good order and welfare of the community, and liable to be modified and repealed whenever in the judgment of the legislature it failed to accomplish these objects. *Judgment for the plaintiff for the smaller sum.*