State of Missouri, Plaintiff in Error, v. A. C. Barr, Defendant in Error.

Kansas City Court of Appeals, April 23, 1888.

1. Criminal Law—Indictment—Objections to upon Demurrer— Case Adjudged.—It is not essential that an indictment shall follow the words of the statute ; an indictment is good which uses words of equivalent meaning and import. Nor is the averment as to time important, when time is not of the essence of the offence charged. So the averment, in this case, sufficiently negatives the exceptions made by the statute creating the offence charged.

2. ——— ——— Test of Sufficiency of Averment Negativing the Exceptions in a Statute Creating an Offence.—Where the averment in the indictment cannot be true, and the facts on which the exception made by the statute is based exist (as in this case), the indictment sufficiently negatives the exception of the statute. Besides if there be an exception in a subsequent clause, or subsequent statute, that is matter of defence, and is to be shown by the other party. (*State v. Elam*, 21 Mo. App. 290).

ERROR to Platte Circuit Court, HON. JAMES M. SANDUSKY, Judge.

*Reversed and remanded.*

Statement of case by the court.

The defendant was indicted for selling intoxicating liquors as a druggist. The indictment was as follows:

"State of Missouri, ⎱ ss.
"County of Platte, ⎰

"In the circuit court of Platte county, August term, A.D., 1887.

"The grand jury for the state of Missouri, summoned from the body of Platte county, empaneled, charged and sworn, upon their oaths, present that A. C. Barr, late of the county aforesaid, on the fifteenth day of June, 1887, at the said county of Platte, state aforesaid, being then and there a druggist and dealer in drugs and medicines, did unlawfully sell and give away intoxicating liquor in less quantity than one gallon, to-wit: one pint of whiskey for five cents; one pint of wine for five cents (and less), without taking out or having a license as a dram-shop keeper or any other legal authority to sell or give away the same. (The said intoxicating liquor not being then and there sold or given away for sacramental purposes, nor prescribed by a regularly registered physician, nor used solely in the admixture of necessary remedial compounds or preparations of tinctures, nor compounding of a written prescription made out and signed by some regular practising physician, who stated in such prescription that the liquor therein prescribed was a necessary ingredient), against the peace and dignity of the state."

The defendant demurred to the indictment, assigning as grounds of demurrer the following: (1) Because the indictment does not state any offence against the laws of this state; (2) because the indictment does not follow the words of the statute relating to the alleged

offence; (3) because the indictment does not negative
the words of the statute creating the alleged offence
contained in the same section; (4) because there is no,
time alleged as to when defendant was a dealer in drugs,
or when he committed the offence ; (5) because it is not
negatived in said indictment that the intoxicating
liquor was sold for sacramental purposes in good faith,
nor on a written prescription dated and signed, nor pre-
scribed by a regularly registered and practicing physi-
cian, nor that such prescription stated that said intoxi-
cating liquor was prescribed as a necessary remedy ;
(6) that the indictment is drawn under the laws of 1879,
which were repealed by the act of 1881, and was not
drawn under the act of 1883, the law in force at the time
the offence, as alleged, was committed.

The court sustained the demurrer.    The case is here
on writ of error sued out by the state.

B. G. BOONE, Attorney General, and JOHN W.
COOTS, Prosecuting Attorney, for the state.

I.    The indictment is sufficient, it is not necessary
that the exact words of the statute should be followed,.
provided, words of equivalent import be ' used, and
the   defendant   sufficiently   apprised of   the   nature
of   the   offence   charged,   and   his   substantial rights.
not prejudiced by omissions or surplusage.   Rev. Stat.
1879, sec.  1821 ; *State v. Williamson*, 21 Mo. 496 ; *State
v. Dengolesky*, 82 Mo.  44.    The court erred in sustain-
ing defendant's demurrer to the indictment.    It does.
not matter what section of the statute the pleader may
have had in view, the indictment will be held good, if
an offence is charged against the provisions of any exist-
ing statute.    Whart. Crim. Plead. and Prac. [8 Ed.]
chap. 3, sec. 226.

II.    Negative averments may be set out in general
terms, and it is not necessary that they should be stated.
in the exact words of the statute.    The indictment suffi-
ciently negatives that the liquor was not sold for sacra-
mental purposes or on a written prescription.    *State v.*

*McBride*, 64 Mo. 364; *State v. Elam*, 21 Mo. App. 290. Negative averments are not matters to be proved by the state, and their entire omission from the indictment would not prejudice the substantial rights of the defendant. Rev. Stat., sec. 1821; *State v. Edwards*, 60 Mo. 490; *State v. Dalton*, 27 Mo. 1; *State v. Craighead*, 32 Mo. 561; *State v. Cox*, 32 Mo. 566; *State v. Duclos*, 35 Mo. 237; *State v. Willis*, 37 Mo. 192. The negative averments contained in section two, of the act of 1883, amendatory of the druggist act of 1881 (Sess. Acts. 1883, 90), as to sale of liquor for sacramental purposes or on a written prescription, are not so incorporated with the clause defining the offence as to become a material part of the definition of the offence, and hence are matters of defence and need not be pleaded even though contained in the same section. Whart. Crim. Prac. and Plead. [8 Ed.] chap. 3, secs. 238, 240, 241; *State v. Elam*, 21 Mo. App. 290; *State v. O'Brien*, 74 Mo. 549.

III. The indictment is not bad for duplicity because it is not charged that defendant did unlawfully sell and give away intoxicating liquor, etc. *State v. McGrath*, 73 Mo. 181; *State v. Pitman*, 76 Mo. 56. Several offences not repugnant may be stated in one count. *State v. Murphy*, 47 Mo. 274; *State v. Fitzsimmons*, 30 Mo. 236; *State v. Fancher*, 71 Mo. 460. The term and "gave away," as used in the indictment, may be rejected as surplusage and the remainder of the count held good. Whart. Crim. Prac. and Plead. [8 Ed.] sec. 401; *State v. Hornbeck*, 15 Mo. 478; Rev. Stat., sec. 1821.

No brief for the defendant in error.

HALL, J.—No objection to the indictment has suggested itself to us in addition to the special objections made in the defendant's demurrer. The validity of those objections is, therefore, the question for our determination.

The objection that the indictment does not follow the words of the statute is bad. An indictment is good

which uses words of equivalent meaning and import; it need not use the exact words of the statute. *State v. Dougolensky*, 82 Mo. 44.

The objection that there is no time alleged in the indictment as to when the defendant was a dealer in drugs, or when he committed the offence, is not well made as a matter of fact. The indictment is specific as to such time. Besides time is not of the essence of the offence charged. *State v. Findley*, 77 Mo. 338.

The objection that the indictment does not negative the exception made by the statute creating the offense is not well taken. The exception is as follows : "Except on a written prescription, dated and signed, first had and obtained from some regularly registered and practicing physician, and then only when such physician shall state in such prescription the name of the person for whom the same is prescribed as a necessary remedy." The indictment charges that the intoxicating liquor sold by the defendant was not prescribed by a regularly registered physician. This averment is so broad and comprehensive as to completely negative the exception made by the statute. The exception requires a written prescription of a certain form, containing a certain statement, from a regularly registered and practicing physician ; the averment is that the intoxicating liquor was not prescribed by a regularly registered physician, which is equivalent to saying that there was no presscription from such a physician of any form whatever, containing any statement of any kind. The averment of the indictment cannot be true, and the facts on which the exception made by the statute is based exist in this case. The indictment sufficiently negatives the exception of the statute when such is the case.

The averment of the indictment, referred to above, contains much more than stated, but, since there is nothing in the context in any way qualifying or limiting the averment as stated by us, we do not refer to it in any other particular. The averment in other respects may be considered and treated as surplusage.

It was not necessary for the indictment to negative the exception contained in the proviso of the section of the statute creating this offence. This point has been expressly ruled on by us in *State v. Elam*, 21 Mo. App. 292.

The fact that the indictment was drawn under the statute of 1879 does not render it bad, if it states an offence under the statute of 1883 which governs in this case. We can see no objection to the indictment. In our opinion it states an offence under the statute of 1883. Laws of 1883, p. 90.

Judgment reversed and cause remanded. All concur.