FREDERICK CLAUS ET AL. v. W. E. HARDY ET AL.

[FILED DECEMBER 23, 1890.]

1. **Liquors: LICENSE: ACTION FOR OBSTRUCTING ISSUE.** In an action of C. & O. against H. & P. and M., for maliciously obstructing their application for license to vend malt, spirituous, and vinous liquors, an allegation that the city council ordered the city clerk to issue such license to the plaintiffs upon the payment of the license fee of $1,000, which they took with them and tendered to the city treasurer, and demanded of the city clerk to issue and deliver to them the license, which demand the clerk, being instigated by the other defendants, H. & P., wrongfully refused, *held*, not sufficient to constitute a cause of action.

2. ——: ——: PAYMENT OF FEE NECESSARY. Under sec. 5, chap. 50, Comp. Stats., known as the Slocumb law, an applicant, granted license to sell malt, spirituous, and vinous liquors upon payment of the amount of the license fee, is required to pay the same into the treasury before the issuance of the license, and no formal tender of tne amount to the treasurer, without payment, will support an action against another officer refusing to issue the license.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Pound & Burr*, for plaintiffs in error.

*Chas. E. Magoon, contra.*

COBB, CH. J.

The plaintiffs in error, on December 26, 1888, brought their action against the defendants in the court below, setting up that in September, 1888, they, having rented the premises known as the main storeroom of the Stubblefield building, on Eleventh street, in Lincoln, for a term of five years, made the regular and proper application to the city council of Lincoln, in Lancaster county, for a license to sell malt, spirituous, and vinous liquors in the said storeroom; and that they in all respects conformed to all the ordinances of said city, and the laws of the state, in every particular; and at all times were entitled to receive such license and enter into said business; but that the defendants, intending to hurt, injure, and damage them, and to wrongfully and maliciously prevent them from obtaining such license, and to harass them with great delay and vexatious litigation, and without reasonable or probable cause, declaring that they would prevent them from obtaining such license, regardless of damages, or right, or wrong to themselves, or to the plaintiffs, wrongfully, maliciously, and without reasonable or probable cause, caused to be filed in the office of the city clerk, with the defendant Manley, who was city clerk, and is brother-in-law of defendant Hardy, a remonstrance to the issuing of such license, and sought by all means in their power to delay the issuing of the same, so that the fiscal year thereof would nearly expire, and cause these plaintiffs to pay $1,000 for the same, and thereby damage them as much as possible, and prevent them from obtaining such license.

Notwithstanding the remonstrance, the city council overruled the objections and ordered the city clerk to "issue

the license to these plaintiffs upon the payment of the license fee of $1,000, which $1,000 these plaintiffs took with them and tendered the same to the city treasurer of said city and demanded of defendant Manley that he issue and deliver said license to plaintiffs, which demands said Manley, being instigated by said Hardy & Pitcher, wrongfully and maliciously refused, and declared that under no circumstances would he issue or deliver said license to plaintiffs." And upon the order of the council to issue the license the defendants, intending to injure and hurt the plaintiffs, immediately filed a notice of, and did, wrongfully and maliciously, appeal the cause to the district court of this county, where they attempted to, and did, wrongfully and maliciously, delay the action from a speedy hearing until the month of December following, when the court affirmed the order of the city council and gave judgment for plaintiffs against defendants Hardy & Pitcher, whose names alone appeared as remonstrators, and from which final judgment they, with the intentions and designs stated, are now attempting to carry the cause to the supreme court, to the plaintiffs' damage $1,500.

The defendants demurred, stating that the facts set forth are not sufficient to constitute a cause of action against them.

On June 27, 1889, the demurrer was argued and considered and was sustained, to which the plaintiffs excepted, and on July 15 following the plaintiffs in court electing to stand upon their petition, the cause was dismissed with judgment for the defendants' costs. This judgment, on the demurrer, is assigned as error by the plaintiffs.

It will not be contended that this was brought as an action to recover for malicious prosecution; and, however analogous to such a cause its origin may seem to have been in the obstructions of the defendants complained of, it is wholly outside of the record, as a separate cause of action, required to be stated separately, and is foreign to the errors assigned.

The plaintiffs' cause of complaint is, that license to sell liquors, at a certain place, for a certain period, was not issued to them according to law; their loss and miscarriage arose from that fact. They allege "that the city council overruled the remonstrators and ordered the city clerk to issue the license upon the payment of the license fee of $1,000, which they took with them and tendered the same to the city treasurer, and demanded of the city clerk, the defendant Manley, that he issue to them the license, which he refused."

Sec. 5, chap. 50, Comp. Stats., 554, provides that the license may be issued, in the statutory form laid down, when the applicant has "filed his petition and bond according to law, and paid into the treasury the sum imposed on him as a vendor of malt, spirituous, and vinous liquors." The tender of the amount, imposed upon them as vendors, to the city treasurer was not a compliance with the order of the city council, or the requirement of the law. It did not justify the defendant Manley in issuing the license to the plaintiffs.

It is not alleged that the treasurer refused to accept the money so tendered and receipt to the plaintiffs for it. In such case they had their remedy against the treasurer, that of *mandamus*, a direct and speedy remedy, which would have indemnified their vexations and superseded the errors of the present suit. The judgment of the district court is

AFFIRMED.

THE other judges concur.