CHARLES M. CHAMBERLAIN v. CITY OF TECUMSEH.

FILED JANUARY 3, 1895.   No. 6330.

43  221
47  821
43  221
51  859
43  221
58  162

1. Liquors: CANCELLATION OF LICENSE: PARTIAL REPAYMENT OF FEE.   It is the settled law of this state, where a liquor license has been issued by a city council, and on appeal such license is canceled, that the licensee is entitled to a repayment *pro tanto* of the sum paid for the same for the unexpired time. *Lydick v. Korner*, 15 Neb., 500, and *State v. Weber*, 20 Neb., 473, followed.

2. Review.   *Held*, That the findings are contrary to the admitted facts in the case.

ERROR from the district court of Johnson county.   Tried below before BUSH, J.

*T. Appelget* and *Chamberlain Bros. & Rood*, for plaintiff in error.

*S. D. Porter, contra.*

NORVAL, C. J.

This case was decided by the court below upon an agreed statement of facts, from which it appears that in the month of April, 1888, one R. M. Frost made application to the council of the city of Tecumseh for a license to sell intoxicating liquors for the municipal year beginning on the first Tuesday of May following. A remonstrance was filed against the issuing of such license, which was overruled, a license was issued as prayed, and the applicant paid into the city treasury therefor the sum of $1,000. Thereupon the remonstrators prosecuted an appeal to the district court, where the decision of the city council was sustained. Whereupon the remonstrators prosecuted a petition in error to this court, and on the 8th day of February, 1889, the judgment of the district court was reversed and the license canceled. (*Foster v. Frost*, 25 Neb., 731.) Frost sold intoxicating liquors under said license from the beginning of the municipal year, 1888, to the date of the filing of the opinion by this court vacating said license, but not thereafter. On the 5th day of March, 1889, Frost presented to the city council another petition for a license to sell intoxicating liquors in said city for the remainder of the municipal year, and two days later he filed with the city clerk a liquor bond in the usual form. To the granting of the petition a remonstrance was filed, and the hearing thereon was fixed for March 25, 1889. A trial was had at the time designated, when the city council overruled the remonstrance and granted a license to the applicant. The remonstrators had an exception taken, and demanded a transcript of the proceedings, which was made out and delivered to them on the same day. A license was at once made out by the city clerk, and tendered to the applicant, who declined to accept the same. The city having failed to refund any portion of the $1,000 paid into the city treasury by Frost for the

license which was vacated and annulled by this court, this action was brought by Charles M. Chamberlain, the assignee of Frost, to recover the unearned portion of the money paid for said license when the same was obtained. The district court rendered judgment against the city for $166.09, and the plaintiff brings the cause to this court for review, alleging that the findings and judgment are contrary to the facts and law of the case.

In *Lydick v. Korner*, 15 Neb., 500, this court held that where a liquor license is canceled by the court, the licensee is entitled to a payment to him, *pro tanto*, of the sum paid for such license for the unexpired time; and in the opinion in *State v. Weber*, 20 Neb., 473, COBB, J., uses this language: "And upon such cancellation the said Lena Klindt and Lena Staltenberg will be entitled to a re-payment of a portion of the sum paid into the village treasury for said license, bearing the same relation to the whole sum so paid as the unexpired portion of the year for which the same was granted bears to the whole year." While each member of the court as now constituted enter-tains some doubt as to the soundness of the doctrine laid down in these cases, we do not now feel justified in disturb-ing a rule which has been so long recognized and followed by the courts. The right to recover unearned license money is settled by the above decisions, and if a different rule is to be adopted it must come through a legislative enactment. The trial court held that plaintiff was only entitled to have refunded such portion of the $1,000 paid by Frost for the license as the time that elapsed from February 8, 1889, the date the license was vacated by this court, to March 25, 1889, when the second license was tend-ered, bears to a year, the period for which the first or original license was granted. In this the court below erred. Frost was under no legal obligation to receive the second license which was tendered him on March 25. The record shows, as already stated, that a remonstrance had

been filed against the issuing of the second license, and upon the same being overruled, exceptions were taken, and a transcript of the proceedings was made out and delivered to the remonstrators for the purpose of taking an appeal from the decision of the city council. No authority, therefore, existed for the delivering of such license until a sufficient time had elapsed for perfecting such appeal. (*State v. Bonsfield*, 24 Neb., 517; *State v. Bays*, 31 Neb., 514.) Again, the minimum sum for which a liquor license can be granted is by statute fixed at $500. (See sec. 1, ch. 50, Comp. Stats.) Neither that amount, nor any other sum, had been paid into the city treasury by Frost under his second application. The license fee is required to be paid before a license can be legally issued. (*Claus v. Hardy*, 31 Neb., 35.) Frost was not entitled to a license solely on the credit of the amount due him for the unexpired term for which he had previously paid, since such sum did not exceed $250. At most he could only have claimed a credit for the money due him on his former payment. (*State v. Cornwell*, 12 Neb., 470.) It follows that Frost was not bound to receive the license tendered him, and that his assignee, the plaintiff, is entitled to recover from the city the full amount of unearned license money due at the time this license was revoked.

JUDGMENT REVERSED.