CITY OF AUBURN v. JOHN W. MAYER, JR.

FILED FEBRUARY 23, 1899.   No. 8741.

**Liquors: LICENSE: SUSPENSION: REPAYMENT OF FEE.** Where a liquor license was issued, an appeal then taken and the license suspended, the appeal finally determined in favor of the applicant and the license reissued, *held*, following the principle of former cases, that the licensee was entitled to repayment of such proportion of the license fee as the time when his enjoyment of the license was suspended bore to the license year.

ERROR from the district court of Nemaha county. Tried below before STULL, J.  *Affirmed.*

*B. Frank Neal* and *A. J. Burnham,* for plaintiff in error.

*G. W. Cornell* and *W. H. Kelligar, contra.*

IRVINE, C.

This action was begun by Mayer against the city of Auburn in the county court to recover certain unearned license money and money paid for an occupation tax. Mayer had judgment, and the city took the case on error to the district court, where the judgment was affirmed. The city now brings the case here. The facts are undisputed. Mayer applied for a license to sell intoxicating liquors. The license was granted, but subsequently an appeal was taken to the district court by remonstrators, and in consequence of mandamus proceedings for that purpose the council was compelled to revoke the license. The application afterwards coming on to be heard in the district court there was a decision in favor of the applicant and a new license was accordingly issued. The license money here in controversy is the proportionate part of the annual charge for the period when the operation of the license was suspended by the appeal.

It has been too long and too well settled by decisions of this court to permit of any change, except through legis-

lation, that the license fee is not paid for the privilege of asking for a license, but for the license itself, and that where the license fails through no fault of the applicant, he is entitled to have refunded the unearned portion. (*State v. Johnson*, 12 Neb. 470; *Lydick v. Korner*, 15 Neb. 500; *State v. Weber*, 20 Neb. 467; *Chamberlain v. City of Tecumseh*, 43 Neb. 221; *School District v. Thompson*, 51 Neb. 857.) This rule has been applied where a license improperly issued has been ultimately revoked. Indeed, it is sought to distinguish the present case from those cited on the ground that the rule has been laid down with reference to invalid licenses alone. No such distinction can be drawn from the cases, and it at once strikes the mind as incongruous and unjust that one who has without right enjoyed for a certain time a license should be permitted to recover the fee for the remainder of the period, while one possessing a license ultimately determined to have been rightfully issued may not recover back for a portion of the time when he has unjustly been prevented from enjoying the license. As to the occupation tax, it is conceded that the ordinance imposing it is of such a character as to make applicable whatever may be determined as to the license.

AFFIRMED.