GEORGE WOOD, ADMINISTRATOR, APPELLANT, V. SCHOOL
DISTRICT, APPELLEE.

FILED FEBRUARY 20, 1908.    No. 15,067.

Intoxicating Liquors: DEATH OF LICENSEE: RECOVERY OF LICENSE
MONEY. In the absence of a statute permitting it, the legal repre-
sentatives of a deceased licensee cannot recover any part of the
amount paid for the liquor license because of the latter's death
before the expiration of the term of the license.

APPEAL from the district court for Cass county: PAUL
JESSEN, JUDGE. *Affirmed.*

*C. A. Rawls,* for appellant.

*D. O. Dwyer, contra.*

EPPERSON, C.

The petition filed in the district court alleged in sub-
stance that on the 1st day of May, 1905, one Simon Metz
was duly licensed by the board of trustees of the village
of Louisville in Cass county, Nebraska, to vend malt,
spirituous, vinous and intoxicating liquors in said village,
for which he paid $500 license money, which was turned
over to the defendant school district. That on June 20,
1905, the said Metz died, and later the plaintiff was ap-
pointed as administrator. Plaintiff prayed for judgment
against the defendant for the unearned portion of the
license money, to wit, $430.56. To this petition the de-
fendant filed a general demurrer, which was by the court
sustained. The plaintiff elected to stand on his petition,
whereupon judgment of dismissal was entered, and plain-
tiff appeals.

Plaintiff contends that upon the death of the licensee
the license was canceled by operation of law, and the
administrator is entitled to recover *pro tanto* of the sum
paid for the unexpired term of the license. Where a liquor
license has been issued by a licensing board, and on appeal

canceled by the court, the law will permit a recovery *pro tanto* of the sum paid. *State v. Cornwell,* 12 Neb. 470; *Lydick v. Korner,* 15 Neb. 500; *State v. Weber,* 20 Neb. 467; *Chamberlain v. City of Tecumseh,* 43 Neb. 221; *School District v. Thompson,* 51 Neb. 857. The reason for the above rule seems to be that the licensing board either had no authority to grant the license or erroneously granted the same, on account of which the license was revoked. In the case at bar the license was rightfully issued. It was not terminated by any act of the licensing board, and the rule of the cases cited is not applicable. Neither the legal representatives of a deceased licensee nor any other person, can receive the benefits of a license. It is a personal privilege granted to the licensee. It cannot be assigned, devised, or transmitted to heirs. Plaintiff argues that these are reasons for permitting a recovery herein. Upon the oral argument I was favorably impressed with this proposition, for the reason that it seemed fair and just that the estate of a deceased person should recover unearned license money so long as it was impossible to continue the business under the license. But upon further consideration I am convinced that the law will not permit a recovery. The deceased paid the license fee voluntarily, and received all that the licensing board could give to him. The license was not rendered inoperative through any fault of the authorities. In the absence of a statute permitting it, the legal representatives of a deceased licensee cannot recover any part of the amount paid for the liquor license because of the latter's death before the expiration of the term of the license.

We recommend that the judgment be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.