PETER CLAUSSEN v. CITY OF LUVERNE.[1]

March 13, 1908.

Nos. 15,340—(34).

**Tort of State Officer.**

Neither the state, nor any of the subdivisions through which it operates, is liable for torts committed by public officers, save in definitely excepted classes of cases. The exemption is based upon the sovereign character of the state and its agencies, and upon the absence of obligation, and not on the ground that no remedy has been provided.

**Tort of Municipal Officer.**

Municipal corporations will not be held liable in damages for the manner in which they exercise in good faith their discretionary powers of a public, or legislative, or quasi judicial character.

[1] Reported in 115 N. W. 643.

**Liquor License—Police Power.**

A license to sell liquor is granted in pursuance of the police power, and not of the taxing power, of the state. Its primary purpose is not revenue, but regulation. It is subject to revocation.

**Tort of City Council.**

A municipality is not liable in tort for mistaken action of the city council in attempting to revoke a license to sell intoxicating liquors.

Action in the district court for Rock county to recover $3,440 for the revocation of a liquor license. The defendant demurred to the complaint and the demurrer was sustained and judgment ordered, P. E. Brown, J., in favor of defendant. From the judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*A. J. Daley,* for appellant.

Where a license is wrongfully revoked the licensee is entitled to recover from the municipality such damages as he has actually sustained, even in excess of the license fee paid. Smith v. Major, 8 Oh. Cir. Dec. 649. A city is liable for the lawful acts of its agents done in good faith, but in an unlawful manner. 20 Am. & Eng. Enc. (2d Ed.) 1200, note; Schussler v. Board of Commrs. of Hennepin Co., 67 Minn. 412, 417; Boye v. City of Albert Lea, 74 Minn. 230; Hollman v. City of Platteville, 101 Wis. 94; Township v. Aasen, 8 N. D. 77. It is true that public corporations, "while engaged in the discharge of the duties imposed upon them for the sole benefit of the public, and from the performance of which they derive no compensation or benefit in their corporate capacity, are clothed with the immunities and privileges of the state." Lane v. Minnesota State Agricultural Soc., 62 Minn. 175; Snider v. City of St. Paul, 51 Minn. 466; Gullikson v. McDonald, 62 Minn. 278; 20 Am. & Eng. Enc. (2d Ed.) 1197–8c. But the test seemingly laid down in all cases is: Did the public derive compensation and benefit from the transaction, or not, in their corporate capacity? If not, there is no liability from the wrongful act. On the other hand, if, as in this case, they derived a fee—compensation and benefit—out of the transaction as a whole, can there be any question in sound reason that the corporation is liable for the wrongful act of taking away the man's license without legal cause? There would be no doubt about the liability of a pri-

vate individual upon a similar state of facts. And, unless the legislature has clearly decreed the contrary, the same rule of common honesty should apply to a corporation organized for governmental purposes. Wallace v. City, 4 Greene (Iowa) 373, 374; Speir v. City, 139 N. Y. 6; Stevens v. City, 111 Mich. 72. The granting of a license to sell liquor is not an imperative duty cast upon the municipality by law, like the construction and maintenance of a lock-up or a city hall. The council have the right to sell this privilege for a substantial consideration, or they can refuse it entirely. The granting of a license is strictly for purposes of "private advantage and emolument."

Lerch v. City of Duluth, 88 Minn. 295, is not analogous, because there the revocation of the permit would not authorize any state officer to take any action, while here, on the revocation of the license, if such action remained unreversed on certiorari, the county attorney and sheriff could proceed to prosecute under the statute. Nor was consideration paid for the permit in the Duluth case. In that case the order of the council was wholly void on its face. In this case the order of revocation was duly adopted, was within the general jurisdiction of the council, and was regular on its face, so that the only remedy was certiorari. Necessarily, when the court reversed the order in the certiorari proceedings he held that to be the proper remedy. If the order was void on its face, certiorari would not lie to review the proceedings of the council. Knapp v. Heller, 32 Wis. 497; State v. Mayor, 101 Wis. 208; State v. Schroff, 123 Wis. 98; Anderson v. Timme, 70 Wis. 627.

In this case the only available remedy of the plaintiff was pursued with diligence, but, notwithstanding that fact, a reversal of the council's action was not secured until a few days before the license expired by limitation.

If the governing body of a municipality acts in good faith in regard to a given case of a quasi judicial character for instance, in which they have jurisdiction, not only over the subject-matter generally, but of the particular case in hand as well, it may well be that the corporation is not liable for any damages suffered by individuals because of their acts; but it does not for that reason by any means follow that the corporation is not liable in a case where, as in the instant

case, its governing body within whose jurisdiction the subject-matter under consideration rests acts mistakenly in the exercise of, and in excess of, its powers and without having obtained jurisdiction over the person of the individual to whose detriment and against whom the given action is had, to the payment of such damages as the individual can show that he suffered by reason of their quasi judicial acts. The contention of the appellant is that there is a clear distinction in principle between the two cases, and, furthermore, the instant case is distinguishable because of the fact that the action related to something—a quasi contract—for which the appellant had paid the city a substantial consideration.

The case of Lane v. Minnesota State Agricultural Soc., 62 Minn. 175, is not analogous to this case. That contains language tending strongly to support appellant's contention. It is only while public officials are engaged in the "discharge of the duties imposed upon them for the sole benefit of the public, and from the performance of which they derive no compensation or benefit in their corporate capacity," that they are "clothed with the immunities and privileges of the state." It seems clear that a liquor license comes within the exception, as no one can successfully deny that the city in its corporate capacity derives compensation and benefit from the issuance of the license. If $1,250 is not compensation or benefit, how large a sum would it take to permit dignifying it by either of those names? But it is evidently the claim of the respondent that the revocation of the license is an independent act having no relation to its issuance. This, of course, is an easy way of disposing of a troublesome fact, but it will hardly bear the application of common sense.

*Jay A. Kennicott,* for respondent.

JAGGARD, J.

The following facts are admitted by demurrer to the complaint herein: The city of Luverne, defendant and respondent, issued a license for the sale of intoxicating liquors to the plaintiff and appellant on the payment by him of $1,250. The license according to its terms terminated on May 1, 1906. On December 8, 1905, the common council of the defendant, acting mistakenly and in excess of its powers,

but not maliciously, revoked the license. Thereupon plaintiff closed his place of business, which remained closed for the rest of the license year. On February .19, 1906, plaintiff sued out certiorari. The district court set aside the action of the council on April 25, 1906. As the result plaintiff was deprived by defendant of his license for a period of over four and one half months. Thereupon plaintiff began this action in tort to recover general and special damages. from the defendant. From an order sustaining a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, this appeal was taken.

It is elementary that neither the state nor any of the subdivisions, like a municipality, through which it operates, is liable for torts committed by public officers, save in definitely excepted classes of cases. The exemption is based upon the sovereign character of the state and its agencies, and upon the absence of obligation, and not on the ground that no means for remedy have been provided. "The government," said Mr. Justice Story, "does not undertake to guarantee to any person the fidelity of the officers or agents whom it employs, since that would involve it in all its operations in endless embarrassments, difficulties and losses, which would be subversive of the public interest." U. S. v. Kirkpatrick, 9 Wheat. 720, 6 L. Ed. 199; Beers v. State, 20 How. 527, 15 L. Ed. 991. This general exemption has been applied to municipal corporations in so far as the acts complained of were, in the language of the memorandum of the trial court, "done in exercising powers for the public at large as a governing agency." "While so acting, the city cannot be held liable for misfeasance; and * * .* the rule of respondeat superior has no application." Fowle v. Common Council of Alexandria, 3 Pet. (U. S.) 398, 7 L. Ed. 719; Russell v. Men of Devon, 2 T. R. 667; Hill v. City of Boston, 122 Mass. 344, 23 Am. 332; Woodhull v. Mayor, 150 N. Y. 450, 44 N. E. 1038; Gullikson v. McDonald, 62 Minn. 278, 64 N. W. 812; Lane v. Minnesota State Agricultural Society, 62 Minn. 175, 64 N. W. 382, 29 L. R. A. 708. The more recent cases on the general subject are to be found collected in 6 Current Law, 735; 8 Current Law, 1078. It was said in City v. Seben, 165 Ill. 371, 46 N. E. 244, 56 Am. St. 245: "Municipal corporations will not be held liable in damages for the

manner in which they exercise in good faith their discretionary pow-
ers of a public, legislative, or quasi judicial nature."

The principal question in this case is whether the council acted in
its public capacity. The argument is that because it derived compen-
sation and benefit in its corporate capacity, and because it acted in
excess of its powers without having obtained jurisdiction, it is re-
sponsible in damages. The contention is ingenious, and has been
pressed upon us by means of forceful presentation of what authori-
ties seem inclined to support it. We are clear, however, that the ar-
gument is not tenable.

It is elementary that a license to sell intoxicating liquors is granted
in pursuance of the police power, and not of the taxing power, of the
state. Its primary purpose is not revenue, but regulation. In the
exercise of that power a license may be revoked without judicial pro-
ceedings. State v. Cooke, 24 Minn. 247, 31 Am. 344; State v. Har-
ris, 50 Minn. 128, 52 N. W. 387, 531; Metropolitan v. Barrie, 34 N.
Y. 657. It is clear that the city is not liable in tort for the mistaken
action of the city council in attempting to revoke a license or permit.
In Lerch v. City of Duluth, 88 Minn. 295, 92 N. W. 1116, the city
granted a permit to move a building within its fire limits. Its common
council revoked that license. Action was brought to recover damages.
It was held that an action ex delicto would not lie and that the rem-
edy was by injunction. Lovely, J., said: "The arbitrary resolution
revoking the permit being void, any servant of the city attempting to
aid in its enforcement would do so at his peril, and for any acts of
his in that respect a suit for damages would undoubtedly lie against
him; but against the city itself such an action would not lie, any more
than for an unauthorized arrest by a public officer or other ultra vires
act of one of its servants. Boehm v. Mayor, 61 Md. 259; Field v.
City, 39 Iowa, 575, 28 Am. 46; Calwell v. City, 51 Iowa, 687, 2 N. W.
614, 33 Am. 154; Peters v. City, 40 Kan. 654, 20 Pac. 490." And see
City of Kansas City v. Lemen, 6 C. C. A. 627, collecting cases at 631,
57 Fed. 905, at page 908; 8 Current Law, 1078. It is wholly imma-
terial that the remedy in that case was injunction, and here certiorari.
It is equally immaterial that "no consideration was paid for the per-
mit in the Duluth case." The only question of present concern there
was, and here is, whether in revoking the license the city was exempt

from liability in tort. We are of opinion that the city council here acted in a manner within the scope of its authority as a legislative body, in a semijudicial capacity, and in the exercise of the police power.

The authorities to which defendant cites us do not change this opinion. It was held in City v. Mayer, 58 Neb. 161, 78 N. W. 462, that, where a license properly issued had been wrongfully revoked, the licensee was entitled to recover from the municipality the unearned portion of the license fee. The rule in that state is regarded by the court itself as resting upon earlier decisions of that court, and not upon the inherent soundness of its doctrine. See Chamberlain v. City, 43 Neb. 221, 61 N. W. 632. Nor was the question presented in that case identical with the one at bar. Unlike the Mayer case, this was plainly an action in tort, and not upon the contract or the quasi contract. In Speir v. City, 139 N. Y. 6, 34 N. E. 727, 21 L. R. A. 641, 36 Am. St. 664, the city permitted the use of fireworks within a city street, and property owners recovered damages because the city had attempted to authorize a public nuisance. And see Landau v. New York, 180 N. Y. 48, 72 N. E. 631, 105 Am. St. 709. A city may be liable for creating a nuisance, just as it may be liable for negligence with respect to its streets, sidewalks, and sewers. Such cases are clearly recognized exceptions to the general rule that municipalities are not liable for torts. But when the display of fireworks does not create a nuisance per se, as where it is authorized to be given in a public park, the exemption applies. De Agramonte v. City, 112 App. Div. 291, 98 N. Y. Supp. 454. Cf. Crowley v. Rochester, 95 App. Div. 13, 88 N. Y. Supp. 483. No question of nuisance, moreover, is involved in the case at bar. The opinion in the case of Stevens v. City of Muskegon, 111 Mich. 72, 69 N. W. 227, 36 L. R. A. 777, sustains the exemption of the city from liability in damages consequent upon the improper ordinance and restricts the remedy to injunction and the like. State v. Barr, 30 Mo. App. 498, involved a mandamus; Degginger v. Seattle, 41 Wash. 385, 83 Pac. 898, 4 L. R. A. (N. S.) 626, the assignability of a license and the rights of the pledgee. The other cases which are referred to by plaintiff have been examined. None of them justify the refusal to apply the ordinary rule of exemption to this case.

Affirmed.