ESLOW *v.* CITY OF ALBION.

1. PAYMENTS—VOLUNTARY PAYMENTS — RECOVERY — QUESTION OF
   LAW.
   The question as to whether payments were voluntarily made,
   where the facts are undisputed, is one of law.

2. INTOXICATING LIQUORS—LICENSE— PAYMENT — RECOVERY BACK
   —VOLUNTARY PAYMENT.
   In an action against a city to recover back monthly payments
   of the license fee for keeping a saloon, on the theory that the
   payments were made involuntarily, under threats of arrest,
   evidence examined, and *held*, to show that the payments
   were voluntarily made, and that a verdict was properly
   directed for defendant.

3. SAME—EVIDENCE.
   Evidence of the receipt, agreement, and protest made the year
   previous relative to the license fee of that year, afterwards
   returned, was properly excluded as immaterial on the ques-
   tion of whether the payments were voluntary.

Error to Calhoun; North, J. Submitted April 13, 1908.
(Docket No. 46.)  Decided July 13, 1908.

Assumpsit by Champion L. Eslow against the city of
Albion for money had and received.  There was judgment
for defendant on a verdict directed by the court, and
plaintiff brings error.  Affirmed.

*Hatch & Page*, for appellant.

*A. F. Cooper*, for appellee.

McALVAY, J.  Plaintiff brought suit against the city
of Albion to recover certain money paid for license as a
saloon, authorized by a city ordinance.  At the close of
plaintiff's case both parties moved the court for an in-
structed verdict—the defendant, for the reason that plain-
tiff had not made a case sufficient to recover; that the

money had been paid voluntarily, without protest, with full knowledge of all of the facts; and that the ordinance had not been shown to be invalid—the plaintiff, because from the undisputed evidence defendant has $500 of plaintiff's money received under an invalid ordinance; because the money was paid under a mistake of fact; because the payments were involuntary.

In the case of *City of Albion* v. *Boldt*, 145 Mich. 285, this court passed upon this ordinance as it then stood, holding that it was invalid because section 1 (given in that opinion) was contrary to the provisions of section 3109, 1 Comp. Laws, which provides:

" No license shall be granted for any term beyond the first Monday in June next thereafter, nor shall any license be transferable," etc.

Under that ordinance, plaintiff and others for the year 1905–1906 had paid $500 each, as a license fee, under written protest, under an arrangement claimed to have been made, that if it was declared to be invalid the money would be returned. After the decision in the *Boldt Case*, supra, the money was returned. On April 27, 1906, sections 1 and 2 of this ordinance were amended by an ordinance passed, approved, and adopted, on that date for that purpose, as follows:

" An ordinance to amend an ordinance relative to the licensing of saloons.

"The city of Albion ordains that the sections '1' and '2' of the ordinance relative to the licensing of saloons, adopted April 24th, 1905, be amended so as to read as follows:

"SECTION 1. That no person shall keep a saloon, under which designation shall be included hotels that maintain a bar, within the city limits of the city of Albion, without having first obtained a license therefor. The license fee required by this act shall be $500 per annum or $41.67 per month or any part thereof, but no license shall be granted for a less period than six months.

"SECTION 2. Drug stores selling the beverage com-

153 MICH.—46.

monly sold by saloons shall be considered a saloon under this ordinance.

"This ordinance shall take effect twenty days after date of passage.

"Adopted and approved this 27th day of April, A. D. 1906.

"D. M. McAullif, Mayor.

"H. E. Robinson, Clerk."

The monthly payments plaintiff seeks to recover in this suit were made under this ordinance.

It is claimed by the defendant that the payments made by plaintiff monthly for his licenses were voluntary payments and cannot be recovered, and that the case is controlled by the case of *Betts* v. *Village of Reading*, 93 Mich. 79. The proofs show that there was no protest. The question as to whether the payments were voluntarily made where the facts are undisputed is one of law. *Betts* v. *Village of Reading*, supra.

The material question upon the trial of the case was whether these were voluntary payments. The invalidity of the ordinance was not relied upon. There was no evidence offered by defendant. The record shows that plaintiff was acquainted with the situation. He knew that the question as to the validity of the ordinance was before this court. He knew of the amendment allowing monthly licenses. His first payments were made by him to the city treasurer without any urging on the part of the city officials. The first said to him was at the time of his third payment, when the treasurer said:

"You will have to get here more promptly, for you are liable to be arrested."

He knew when the *Boldt Case* was decided in July, 1906, and he received his $500 back from the city. He continued his payments from month to month during the balance of the year and at no time made any protest or objection. In December the treasurer came to the hotel and told him he was liable to be arrested as he was not prompt in paying. In April, 1907, after he had paid part

of the license for that month, the mayor came to him about the 10th of the month and said the balance must be paid next morning by nine o'clock or he would be arrested. A fair inference from his testimony is that he did not have the money, and next morning he asked for time, saying that he could pay it then. The foregoing is the substance of all his testimony upon any duress or threats. Nothing could be possibly claimed from any of this except the last, and that was not sufficient to make the payment then made involuntary. It certainly could have no bearing upon the earlier payments. This disposes of his claimed threats by the city treasurer and the mayor. There is the further claim that he was also put in fear of arrest by his knowledge of the arrest of Boldt Brothers. His testimony does not warrant such claim.

We find that as a matter of law the payments were voluntary. The case cannot be distinguished from *Betts* v. *Village of Reading,* supra.

Error is assigned because the court refused to admit in evidence the receipt, agreement, and protest made the year previous relative to the license fee afterwards returned. The evidence offered was immaterial and could have no bearing upon the question as to whether or not the payments sued for were voluntary.

The judgment is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and CARPENTER, JJ., concurred.