HERNANDEZ v. STATE.†

(Court of Civil Appeals of Texas. Feb. 8, 1911.
On Motion for Rehearing, March 8, 1911.)

1. INTOXICATING LIQUORS (§ 99*)—LICENSE TO SELL—NATURE.

A license to sell intoxicants is a mere permit to do what would otherwise be unlawful, and is subject to the police power.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 103; Dec. Dig. § 99.*]

2. CONSTITUTIONAL LAW (§ 277*)—DUE PROCESS—"PROPERTY."

A license to sell intoxicants is not property within the constitutional prohibition against deprivation of property without due process.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 277.*

For other definitions, see Words and Phrases, vol. 6, pp. 5693–5728; vol. 8, pp. 7768–7770.]

3. COURTS (§ 247*)—APPELLATE COURTS—JURISDICTION.

Under Const. art. 5, § 6, limiting the jurisdiction of the Court of Civil Appeals to civil cases of which the district and county courts have jurisdiction, and under section 16, limiting the county court's jurisdiction to civil cases involving certain amounts, probate matters, and appeals from justice court, the Court of Civil Appeals has no jurisdiction of an order by a county judge under Acts 31st Leg. c. 17, § 8, revoking a liquor license for violation of law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 749–765; Dec. Dig. § 247.*]

4. INTOXICATING LIQUORS (§ 108*)—LICENSE TO SELL—FORFEITURE—NATURE OF PROCEEDING—REVIEW.

Proceedings under Acts 31st Leg. c. 17, § 8, to revoke a retail liquor license for violation of law, are administrative and not judicial; the power being vested in the county judge rather than in the county court, and no appeal lies from his order, for want of statutory provision therefor.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 116–118; Dec. Dig. § 108.*]

On Motion for Rehearing.

5. APPEAL AND ERROR (§ 1166*)—DISMISSAL—WANT OF JURISDICTION.

On appeal from a judgment by a court having no jurisdiction of the subject-matter, the judgment should be reversed and the case dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4527–4530; Dec. Dig. § 1166.*]

6. COURTS (§ 247*)—APPELLATE COURTS—LICENSE—"SUIT TO RECOVER FORFEITURE."

A proceeding under Acts 31st Leg. c. 17, § 8, to revoke a liquor license for violation of law, is not a suit by the state to recover a forfeiture, within the Constitution, as affecting the jurisdiction of the Court of Civil Appeals.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 247.*

For other definitions, see Words and Phrases, vol. 7, p. 6779.]

7. CONSTITUTIONAL LAW (§ 81*) — HEALTH (§ 20*)—POLICE POWER.

Things susceptible to use to the injury of health or morals can be regulated under the police power.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 148; Dec. Dig. § 81;* Health, Cent. Dig. § 24; Dec. Dig. § 20.*]

8. INTOXICATING LIQUORS (§ 1*)—REGULATION.

The sale of intoxicating liquors is subject to regulation under the police power.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 1; Dec. Dig. § 1.*]

Appeal from Bexar County Court; P. H. Shook, Judge.

From an order revoking Blas Hernandez's liquor license, he appeals. Appeal dismissed.

Ryan & Ryan and Henry E. Vernor, for appellant. T. J. Newton, Dan Lewis, and Carlos Bee, for the State.

NEILL, J. Section 8 of the act of the Thirty-First Legislature (page 295) relating to the sale of intoxicating liquors, provides that: "Any person or firm having a license as a retail liquor dealer or a retail malt dealer who shall violate any of the provisions of this act, or the provisions or conditions of the liquor dealer's bond required by this act to be given by such person or firm, shall forfeit his or their license as a retail liquor dealer, as the case may be; and if affidavit is filed by any property tax paying citizen in the office of the clerk of the county court that such person or firm, having either of such licenses has been guilty of violating any of the provisions of this act, or the provisions or conditions of said liquor dealer's bond, it shall be the duty of the judge of said county court to immediately cause to be issued a notice in writing to such person or firm so having such license, notifying them of the filing of such affidavit, and it shall also be the duty of the judge of said county court to set a time for the hearing of said affidavit and evidence upon the same at a time not less than six days, nor more than ten days, after the date of filing of said affidavit, and upon the hearing of said affidavit and the proof for and against the same, if it shall be determined that said person or firm so having such license has violated any of the provisions of this act, or any of the provisions or conditions of their said liquor dealer's bond, then it shall be the duty of the judge of said court to enter an order on the minutes of said court declaring the said license forfeited and said license shall be canceled from said date. In case it is determined that the said person or firm so having such license has violated any of the provisions of this act, or any of the provisions or conditions of his said liquor dealer's bond, it shall be the duty of the clerk of said court to immediately notify the Comptroller of Public Accounts of the State of Texas, Austin, Texas, of the result of such hearing."

The appellant applied for and obtained in accordance with the provisions of the act a retail liquor dealer's license authorizing him as such dealer to sell spirituous, vinous, and malt liquors at a designated place within

the city of San Antonio, Bexar county, Tex. While such license was in force and he was pursuing such occupation thereunder, affidavit was made and filed by a property taxpaying citizen of said county in the office of the clerk of the county court of said county charging him with the violation of that provision of the act and condition in his bond which inhibits such a licensee from keeping open his house, or place of business where liquors were sold under such license, after 12 o'clock midnight on Saturday and between that hour and 5 o'clock a. m. on the following Monday. In accordance with the section of the act quoted, the county judge of Bexar county at once caused to be issued notice in writing to appellant notifying him of the filing of such affidavit, set a time for its hearing of the same and evidence thereon, and upon such hearing determined that appellant had violated the provisions of said act as charged in the affidavit. Whereupon the judge entered an order on the minutes of said court declaring said license forfeited and said license canceled. From the order so entered this appeal is prosecuted.

The appellee has filed a motion to dismiss the appeal upon the ground that this court is without jurisdiction to entertain it. We believe the motion should be sustained.

Article 5, § 6, of the Constitution provides that "Courts of Civil Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all civil cases of which the district court or county courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." From this it will be seen that the jurisdiction of Courts of Civil Appeals is confined to civil cases of which the district or county courts have jurisdiction. It may be the Legislature under another clause of the Constitution has the power to extend their jurisdiction, as has been done by authorizing the transfer of causes from one supreme judicial district to another; but it may be doubted that it is within its province to extend it to matters other than civil cases. No such extension of their jurisdiction has ever been attempted.

Again, if the county court had no jurisdiction of the proceeding in which the order appealed from was entered, or if such proceedings were in the nature of a criminal case, this court can have none.

Aside from matters probate and causes appealed from the justice courts, the county court has "exclusive jurisdiction in all civil cases where the matter in controversy shall exceed in value $200 and not exceed $500, exclusive of interest; and concurrent jurisdiction with the district court when the matter in controversy shall exceed $500 and not exceed $1,000. Outside of matters probate and cases appealed from justices courts, this is all the jurisdiction in civil cases that the

Constitution has conferred on the county court. Article 5, § 16.

It is apparent that the order appealed from has no relation to matters probate nor to a case appealed to the county court. Then, if it does not relate to a criminal case, it must involve a matter exceeding in value the sum of $200 and not exceed $1,000 to constitute a civil case within the jurisdiction of the county court. In such a case it is the value of the matter in controversy by which the jurisdiction of the court is determined.

It cannot be said that the license revoked by the order appealed from was of such value as would form a basis for a civil case within the jurisdiction of the county court. A license to sell intoxicating liquors is neither a contract nor a property right in the licensee, but a mere permit to do what would otherwise be unlawful. It has none of the elements of property, and confers none within the contemplation of the constitutional provision that "no person shall be deprived of life, liberty or property without due process of law"; there being no vested right in a license which a state may not take away when the interest of the public may demand it. The rights and privileges of the licensee exist solely by virtue of the law under which the license is granted and are subject to the police power of the state under which the license was granted, which power itself precludes the state from divesting itself of it whenever the interest of the public may demand it. See Black, Intoxicating Liquors, §§ 127, 145, 150; Joyce, Intoxicating Liquors, §§ 185, 186, 187, 190; Cooley's Constitutional Limitations (7th Ed.) p. 887; Crowley v. Christensen, 137 U. S. 86, 11 Sup. Ct. 13, 34 L. Ed. 620; Youngblood v. Sexton, 32 Mich. 406, 20 Am. Rep. 654; Com. v. Kinsley, 133 Mass. 578; Voight v. Excise Com'rs, 59 N. J. Law, 358, 36 Atl. 686, 37 L. R. A. 292; Sprayberry v. Atlanta, 87 Ga. 120, 13 S. E. 197; Claussen v. Luverne, 103 Minn. 491, 115 N. W. 643, 15 L. R. A. (N. S.) 698; La Croix v. County Commissioners, 50 Conn. 321, 47 Am. Rep. 648; Calder v. Kurby, 71 Mass. 597; Newson v. City of Galveston, 76 Tex. 559, 13 S. W. 368, 7 L. R. A. 797.

It is in view of the principle enunciated and illustrated by these authorities we hold that the order appealed from was not made in a civil case in which the county court had jurisdiction, and that hence we have no authority to review the proceedings.

Besides, we are of the opinion that the proceedings in which the order was made were not judicial but administrative in their nature; the intention of the Legislature being to vest, by the section of the act quoted, the administration of the law regarding the forfeiture of a liquor dealer's license in the county judge himself rather than in the county court; and that as such authority was specially conferred on him, without giv-

ing any court authority to review his action in the matter, it would be a gross usurpation of authority for this court to undertake to call in question, by entertaining this appeal, any step taken by him in the proceedings culminating in the order from which Mr. Hernandez has attempted to appeal. People ex rel. Lodes v. Department of Health, 189 N. Y. 187, 82 N. E. 187, 13 L. R. A. (N. S.) 894; Claussen v. Luverne, supra. We do not mean to intimate that one whose license as a liquor dealer has been arbitrarily and wrongfully revoked by a county judge has no remedy for such wrongful and arbitrary action, but only to say that his remedy, if any he has, is not by appeal.

The appeal is dismissed.

### On Motion for Rehearing.

Upon the question of jurisdiction, our opinion seems to be misunderstood. To correct the impression counsel for appellant seems to have, we will say that we entertain no doubt that, in a cause brought in a court which has no jurisdiction of the subject-matter and an appeal is taken from a judgment rendered disposing of the matter involved, the proper practice is for the appellate tribunal to reverse such judgment and dismiss the case. To illustrate, should a case be brought in the county court in behalf of the state to recover a penalty or forfeiture and such court should proceed to try and render judgment on it, undoubtedly the proper course on appeal would be to reverse the judgment and dismiss the case. The jurisdiction of an appellate court involves the duty of inquiring into the jurisdiction of the court from which an appeal is taken, and if, upon ascertaining it had none, it can make no inquiry into any other question involved, but must simply pronounce its judgment on the jurisdictional question from which a dismissal of the case follows as the legal consequence.

But this was not a suit in behalf of the state to recover either a penalty or a forfeiture. While its purpose was to forfeit a liquor dealer's license, nothing of a pecuniary value was sought to be recovered on the forfeiture. It is as readily distinguished from a suit to recover on a forfeiture, as one brought by the state for a violation of a criminal statute punishable by a pecuniary fine is ,from a suit brought in behalf of the state to recover a penalty. It is obvious to us that a proceeding to forfeit a liquor dealer's license, brought under the statute quoted in the original opinion, cannot be classed among "suits in behalf of the state to recover forfeitures," within the Constitution. But, as is held in the original opinion, a proceeding, administrative rather than judicial, to revoke a liquor dealer's license, which is a mere permit to pursue an occupation, which, without such permit, would be a crime and punishable under the law, in which the several county judges of the state—as judges, not as courts—have been vested by the Legislature with such administrative authority to be exercised in accordance with the statute which delegated and vested them with such administrative power, and imposed upon them the duty of exercising it.

If we are correct in this, it logically follows that we are without jurisdiction to review the proceedings of the county judge in forfeiting appellant's liquor license, and are without jurisdiction in this proceeding to inquire into the constitutionality of the law under which the proceedings were had.

But inasmuch as it is contended in this motion that, in this state, at least, a liquor dealer's license is stamped by law as property, in that it may be mortgaged, sold, or assigned, is property, and differentiates this case from those cited in the original opinion which held that such a license is a mere permit to do what would be otherwise unlawful, and has none of the elements of property. Suppose it should be conceded that in Texas such a license is property, still it acquires such character by virtue of the law which creates it and is held under and in subordination to the law of its being. It is held as property cum onere, subject to the privileges conferred and the conditions and burdens imposed. One of these conditions or burdens is that, if the license violates certain provisions of the law, it shall be revoked and canceled in a certain manner indicated by the law. It carries upon its face its own death warrant, though its knell may be rung by its owner. When he rings it, he is not in an attitude to say it was not deprived of life, and all the rights incident to its being, according to law.

We say "according to law," because the sale of such things capable of being so used as to be injurious to health or morals may, under the police power of the state, be regulated by statute. Intoxicating liquors are especially considered as subject, under such power, to regulation as a business attended with injury to the community, and statutes may prohibit the manufacture and sale of liquor, although buildings were erected and equipped and used for such purpose prior to the enactment of the regulating statute and at a time when the business was lawful. Mugler v. Kansas, 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205. It is within this power of the state, after granting licenses for the sale of liquors and receiving fees therefor, to revoke the license by a general law forbidding their sale entirely. This is founded upon the principle "that the state cannot barter away, or in any manner abridge or weaken, any of these essential powers which are inherent in all government, and the existence of which in full vigor is important to the well-being of organized society." Cooley's Constitutional Limitations (7th Ed.) 400, and authorities cited in notes.

If, then, a forfeiture of a liquor license, carrying with it the destruction of its holder's property, can be forfeited by general law, we fail to perceive why it cannot be done by a statute under which it is issued, which declares its forfeiture upon the failure of the license to obey the mandates of the law under which it was issued, although such license bore the elements of property. Especially under a law like ours, which in its administration prescribes the manner of ascertaining the facts which under the statute constitute the forfeiture.

Under our law the licensee himself, by doing or failing to do certain acts, makes the forfeiture; and the county judge, under the administrative power vested in him by the act, simply ascertains the facts constituting such forfeiture and in consequence revokes and cancels the license.

The motion is overruled.