NICHOLAS A. SHUE, APPELLEE, v. VILLAGE OF SILVER CREEK, APPELLANT.

FILED JUNE 18, 1915.   No. 18211.

Intoxicating Liquors: OCCUPATION TAX: RECOVERY. The provisions of sections 6491, 6492, 6493, Rev. St. 1913, apply to a tax upon occupations levied by a village council for revenue purposes, and, in order to recover *pro tanto* money paid as an occupation tax for selling liquor at retail, the statutory means must be pursued.

APPEAL from the district court for Merrick county: GEORGE H. THOMAS, JUDGE. *Reversed and dismissed.*

*Elmer E. Ross,* for appellant.

*D. F. Davis* and *Reeder & Lightner, contra.*

LETTON, J.

Action to recover part of an occupation tax paid to the village by the plaintiff as a liquor-dealer. This is a companion case to *Shue v. School District, ante,* p. 455. The facts as to the application for license, its issuance and cancelation are set forth in the opinion in that case, and the reasons given in that opinion for holding the applicants not so culpable as to preclude the right to recover license money *pro tanto* are adopted here.

Plaintiff paid the treasurer of the village $510 on June 24, 1911, as an occupation tax for the remainder of the

municipal year. He sues in this action to recover "the unearned portion of the occupation tax." Most of the material facts alleged in the petition are admitted.

The answer denies that the annual occupation tax required was $600, and alleges by way of *cross-petition* that the ordinance required an occupation tax of $700, for which plaintiff became indebted to the village on engaging in the business; that he has paid $510; and that the remainder of the sum is still due, for which it prays judgment. It is stipulated that at the time the occupation tax was paid the ordinance then in force required a retail liquor-dealer to pay an annual tax of $700, payable by the year; that on May 16, 1911, an ordinance reducing the occupation tax to $600 a year was passed, but through an invalidity in the record never became effective; that $510 was paid by plaintiff and accepted by defendant in the belief that the latter ordinance was in full force and effect. The court found for the plaintiff in the sum of $154.50, and rendered judgment accordingly. The village has appealed.

The right to recover money paid to a school district for a license improperly issued is settled in this state, but whether recovery can be had for the proportionate part of the occupation tax paid is an open question. It was not decided in *City of Auburn v. Mayer,* 58 Neb. 161, as plaintiff claims. In that opinion it is said that the ordinance imposing the occupation tax was "of such a character as to make applicable whatever may be determined as to the license."

Defendant argues that the money received from an occupation tax is not of the same nature or subject to the same conditions as that derived from a license; that the taxing power is the sole authority for occupation taxes, while license moneys are collected under the police power. This is settled by the following decisions. *Village of Dodge v. Guidinger,* 87 Neb. 349; *State v. Boyd,* 63 Neb. 829; *Rosenbloom v. State,* 64 Neb. 342; *Norris v. City of Lincoln,* 93 Neb. 658. It is the general rule that, where the ordinance authorizing the levy of a fixed amount as an occupation tax makes no provision for other than annual pay-

ments covering the tax for the whole municipal year, a person who begins business at any portion of the year is liable for the full amount of the tax. The ordinance in evidence imposes taxes upon certain occupations payable by the day, week or month. There is no authority to collect less than the full amount of the tax fixed for the period which it is designed to cover. Plaintiff paid the occupation tax voluntarily with the intention of carrying on the business of liquor selling. Cases cited in note to *Eslow v. City of Albion* (153 Mich. 720), 22 L. R. A. n. s. 872.

The fact that a person is selling liquor in contravention of law does not affect his liability to a business or occupation tax. *Youngblood v. Sexton,* 32 Mich. 406. The familiar fact that persons convicted of selling liquor without a license are very commonly found in the possession of a receipt showing the payment of United States revenue taxes illustrates this proposition. *State v. Funk,* 27 Minn. 318. While another statute would have been violated if he had sold without a license, he was subject to this tax as soon as he engaged in the occupation with or without license. He took the risk when he paid the tax. Our attention has not been called to any other provision for the refunding of taxes than those contained in sections 6491, 6492, 6493, Rev. St. 1913, and it is held in *Caldwell v. City of Lincoln,* 19 Neb. 569, that such provisions apply to occupation taxes. Section 6493 makes members of a village council liable upon their bonds if they discharge, release, remit or commute any taxes other than in the manner provided. While in the matter of right and justice there seems little room to distinguish between the two exactions, this court has already, in holding that a portion of the license fee may be recovered, held contrary to the weight of authority, though its decision has been approved and followed in a few states. We are reluctant to go further unless plainly permitted so to do by the statutes, or at least not prohibited by previous construction.

We are of opinion that the village board properly refused to pay the claim.

A majority of the court (which majority does not include the writer) are of the opinion that the plaintiff is not liable for the uncollected portion of the tax.

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.

HAMER, J., not sitting.