JOHN F. JOHNSON v. JAMES P. ALLEN.

The oath or affirmation required by section 104 of "An act to regulate elections" (*Rev.*, p. 356) should be made by persons cognizant of the particular circumstances alleged in the petition as the ground of contesting the election, and should attest the truth of those allegations.

On appeal in contested election case.

Argued at June Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the appellant, *William E. Potter.*

For the respondent, *Thomas W. Trenchard.*

The opinion of the court was delivered by

DIXON, J.   Under sections 100–115 of "An act to regulate elections" (*Rev.*, p. 355), fifteen qualified electors of the First ward of the city of Bridgeton presented to the Circuit Court of the county of Cumberland a petition contesting the election of John F. Johnson to the office of councilman for said ward, at the municipal election held March 14th, 1893. Appended to the petition was an affidavit made by two of the petitioners, stating that the facts, matters and things contained in the petition were true, to the best of their knowledge, information and belief.

Upon the return of notice given to the incumbent, he objected to the hearing of the matter, on the ground that the particular circumstances of the case were not verified according to the statute.   This objection was overruled, and subsequently the court rendered judgment that the election had resulted in a tie, and therefore the incumbent was not entitled to the office.

From this judgment the incumbent appeals to this court, still insisting that, for want of due verification, the Circuit Court had no right to proceed upon the petition.

We think the objection was well taken.

The statute, upon which alone the jurisdiction of the Circuit Court rests, requires as the foundation of a contest a petition of fifteen qualified voters, setting forth "the particular circumstances of the case, duly verified by the oath or affirmation of at least two of the petitioners."

If the statute had prescribed verification by the oath of the contestant himself, as in *Kirk* v. *Rhoads,* 46 *Cal.* 398, it might fairly be urged that it was enough for him to swear to the best of his knowledge, information and belief, because, except in rare instances, he would be able to swear to nothing more, and it could not be supposed that the legislature had in view only such rare instances. But here the statute permits verification by any two qualified electors who will join in the petition, and hence it is reasonable to conclude that the verification required was not a mere formal one insuring only good faith, but was to be a genuine verification, attesting the truth of the particular circumstances alleged, and based upon the knowledge of those averring them. If there be not among all the electors two persons cognizant of the errors complained of and willing to assert them under oath, then the statutory remedy is not available, and resort must be had to the proceedings by *quo warranto.* This interpretation of the act affords sufficient scope for its useful operation, while it prevents its application to cases where there appears no credible ground for contest. It accords also with the previous decisions in this state. *Cleary* v. *Kendall,* 13 *N. J. L. J.* 134, per Garrison, J.; *Westfall* v. *Dunning, 21 Vroom* 459.

Evidently the affidavit now under review does not come up to this requirement. The affiants may have had no knowledge of the circumstances stated in the petition, their information may have been untrustworthy and their belief groundless, and still their affidavit may be true. Such affidavits add no credibility whatever to the allegations of the petition.

The judgment of the Circuit Court should be reversed and the petition dismissed.