GUSTAV K. VOIGHT v. THE BOARD OF EXCISE COMMISSIONERS OF THE CITY OF NEWARK.

1. The tenth section of the act of March 20th, 1889 (*Gen. Stat., p.* 1813), regulating the sale of intoxicating liquors, provides that if the holder of a license shall permit intoxicating liquors to be sold upon his premises contrary to law, his license shall thereby become forfeited; and that upon complaint of any three persons, residents and legal voters of the municipality wherein such license is used and exercised, verified by the oaths of such complainants, being presented to the body which granted the license, alleging that such license has become forfeited, and specifying the acts complained of which shall be alleged to have worked such forfeiture, it shall be the duty of such body to proceed to an investigation, &c. *Held*, that this statutory provision is not in contravention of the constitutional provision preserving the right of trial by jury, and that the licensing body have a right to proceed under it without waiting until the holder of the license has been indicted and convicted by the criminal courts for his violation of the law. *Held, further*, that the affidavit verifying the complaint should set out the particulars of the alleged violations of law upon which the complaint is based, and should attest the truth thereof.
2. A license to sell intoxicating liquor is a mere temporary permit to do what otherwise would be illegal, and is in no sense property.

---

Application for *certiorari*.

Argued at November Term, 1896, before Justices DEPUE and GUMMERE.

For the application, *Samuel Kalisch*.

Contra, *William B. Guild* and *Edward L. Price*.

The opinion of the court was delivered by

GUMMERE, J. Gustav K. Voight, the applicant in this case, holds a license from the board of excise commissioners of the city of Newark, which authorizes him to sell spirituous, vinous and malt liquors at Caledonian Park, in said city. Proceedings have been taken by the board looking to the revocation of that license, and we are asked to allow a *certiorari* to remove those proceedings to this court for review, on the ground that they are without warrant of law.

The proceedings challenged consist of a written complaint, made by three persons claiming to be residents and legal voters of the city of Newark, verified by the oath of the complainants on information and belief, alleging that Voight had, contrary to law, permitted beer to be sold at his place at Caledonian Park on Sunday, July 5th, 1896, and an order, made on said complaint by the board of excise commissioners, requiring Voight to show cause, at a time and place named therein, why his license should not be declared forfeited and revoked.

The principal ground of challenge is that these proceedings do not comply with the requirements of the tenth section of "An act to regulate the sale of spirituous, vinous, malt and brewed liquors, and to repeal an act entitled 'An act to regulate the sale of intoxicating and brewed liquors,' passed March seventh, one thousand eight hundred and eighty-eight," approved March 20th, 1889. *Gen. Stat., p.* 1813.

The section referred to provides that if the holder of a license shall, contrary to law, sell or offer for sale, or suffer to be sold or offered for sale, within his tavern, beer shop, liquor saloon or other premises, any spirituous, vinous, malt or brewed liquors on the first day of the week, commonly called Sunday, his license shall thereby become forfeited and void ; and upon complaint of any three persons, residents and legal voters of the municipality wherein such license is used and exercised, verified by the oaths of such complainants, being presented to the body by which the license was granted, alleging that such license has become forfeited and void, and

specifying the acts complained of which shall be alleged to have worked such forfeiture, it shall be the duty of the body to which such complaint is presented to forthwith cause to be endorsed thereon an order that the person complained against show cause before such body, at a time and place therein specified, why his license should not be declared forfeited and revoked; and if, on the hearing, the defendant shall be found guilty of the offences specified in the complaint, or any of them, his license shall be revoked and annulled, and he shall be disqualified for one year from receiving a license in this state.

Before considering whether these proceedings conform to the requirements of the statute, it is necessary to dispose of a preliminary question raised by counsel for the applicant. He insists that the statutory provision referred to is unconstitutional, and his argument is that a license is property; that it cannot be taken away from the holder except by a judicial proceeding, and that such a proceeding is not provided by the statute. He further contends that if the proceeding provided by the tenth section be considered a judicial one, then the provision is unconstitutional, because the board of excise commissioners is a ministerial body and the constitution prohibits such a body from exercising judicial powers.

We do not think that either of these contentions is well founded. A license is in no sense property. It is a mere temporary permit to do what otherwise would be illegal, issued in the exercise of the police power. *Lantz* v. *Hightstown*, 17 *Vroom* 102, 107 ; *Metropolitan Board of Excise* v. *Barrie*, 34 *N. Y.* 657 ; 11 *Am. & Eng. Encycl. L.* 634.

Counsel does not deny that this is the general rule, but argues that since the passage of the act of April 1st, 1887, which authorizes boards of excise commissioners, in their discretion, to transfer any license granted by them (*Gen. Stat.*, p. 1809, § 126), a license to sell liquor is property. But why the fact that a license may now be transferred in this state converts it from a mere privilege into a property right, he does not tell us, nor have I been able to perceive, and I have

therefore concluded that the contention has nothing to rest upon.

Nor is there any merit in the claim that the legislature cannot confer upon the board of excise commissioners power to investigate alleged violations of the excise laws by a person holding a license from them, and to revoke such license if they find that the law has been violated.

If the investigation of such a matter is a judicial function, then, although it is true that, ordinarily, the board of excise commissioners is a ministerial body, the legislature, by requiring the board to make such investigation, has created it a judicial body for that purpose. That such action by the legislature was a legitimate exercise of legislative power cannot be disputed.

We conclude, therefore, that the legislation in question does not violate any provision of the constitution.

This brings us to the consideration of the validity of the proceedings themselves.

And, first, it is objected that they are prematurely brought; that proceedings for the revocation of a license, based upon a violation of the excise laws by the licensee, can only be brought after the indictment, trial and conviction of the offender in the criminal courts, for such violation. The argument in support of this proposition is that, unless this be so, the tenth section of the act is unconstitutional for the reason that it authorizes the conviction of a person of a crime without affording him a trial by jury. We think that the objection is without force, and that the statute has no such effect as that suggested. As was said by the Court of Appeals of New York, in *People* v. *Commissioners of Police*, 59 *N. Y.* 96, in disposing of a similar objection made to a statute of like purport with that now under consideration, " the statute authorizes nothing more than an inquiry into and determination of the question whether the party licensed continues to be a suitable and proper person to sell intoxicating liquors, the statute itself determining that a violator of the excise laws, while holding a license, is not such a person. The power to

license the sale of intoxicating liquors and to cancel such license when granted is vested in the legislature. The mode and manner in which this shall be done rest in the discretion of that body."

The board of excise commissioners have a right to proceed to the investigation of the question whether a license issued by them has become forfeited by the holder thereof by violation of the excise laws, without waiting for the action of the criminal courts.

The only other objection raised to the validity of the proceedings, of sufficient importance to merit discussion, is that the affidavit annexed to the complaint merely states that the matters and things contained in it are true to the best of the knowledge and belief of the affiants; that such a verification is not a compliance with the statutory requirement, and that, consequently, the board of excise commissioners had no right to entertain the complaint or proceed thereon. The language of the statute in this regard is: " Upon complaint of any three persons, residents, &c., verified by the oaths of such complainants, * * * and specifying the acts complained of, which shall be alleged to have worked such forfeiture, it shall be the duty," &c. The statute, it will be perceived, permits the complaint to be made by any three residents of the municipality in which the license is issued and exercised, who are legal voters therein, and hence, as was said by this court in *Johnson* v. *Allen,* 26 *Vroom* 400, in construing a similar statutory provision, " it is reasonable to conclude that the verification required was not a mere formal one, insuring only good faith, but was to be a genuine verification, attesting the truth of the particular circumstances alleged, and based upon the personal knowledge of those averring them."

The affidavit in this case falls far short of this requirement. So far as appears the complainants may neither of them have had personal knowledge of the alleged violations of law set out in their complaint, and their belief may be without any solid foundation to rest upon. Such an affidavit is entirely without probative force, and fails to meet the

statutory requirement, which is that it shall be *prima facie* evidence of the truth of the facts contained in the complaint. A complaint, verified as this one is, cannot, in our opinion, form a foundation for the proceedings authorized by the tenth section of the act of March 20th, 1889.

But, notwithstanding that we have reached this conclusion, we think that the application for a *certiorari* should be denied, and for this reason : By an act subsequent to that which we have been considering, approved May 6th, 1889, and entitled "An act to authorize the transfer and revocation of licenses granted by the excise board of any city in this state, and to authorize such boards to appoint a license inspector and fix the compensation of such officer" (*Gen. Stat., p.* 1815), it is enacted "that the excise board or board of excise commissioners of any city of this state shall be authorized and empowered, *in their discretion,* to transfer or *revoke* any license granted by them ; * * * and in case of a revocation of any license as aforesaid, any person selling or offering for sale thereunder shall be liable to all the penalties provided by law for selling without a license." By virtue of this statutory provision the board of excise commissioners of Newark, whenever facts are, in any way, brought to their notice which, in their judgment, would, if true, make it advisable to revoke a license which they had formerly granted, have the right to proceed to an investigation of the matter, upon notice to the licensee, and upon ascertaining the existence of such facts to revoke the license. The proceedings taken by the board in the case now before us are appropriate for such an investigation, and the application for a *certiorari* to review them, on the ground that they are without legal warrant, should therefore be denied.

It may be well to add that it is only when a license is revoked as the result of proceedings taken pursuant to the tenth section of the act of March 20th, 1889, that the person holding the same is disqualified, for a year thereafter, from holding a license in this state. That penalty does not attach to the revocation of a license pursuant to the authority conferred by the act of May 6th, 1889.