WILLIAM F. DAVIS, PROSECUTOR, v. ALBERT T. REPP ET AL., RESPONDENTS.

Argued November 5, 1909—Decided January 13, 1910.

1. A petition for the revocation of a license under the supplement to the act regulating the sale of liquors (*Pamph. L.* 1906, *p.* 199), which set out the jurisdictional facts, is sufficiently verified when the affidavit thereto states "that the matters and things set forth in the foregoing petition are true."

2. It is not necessary under the act that the petition should state that the person complained of had been convicted of the offences charged. The words in the act "upon conviction" refer to the forfeiture, and not to the complaint.

3. A complaint charging sales to minors is sufficient; it is not necessary to charge sales to them "contrary to law," for sales to minors are contrary to law.

4. The burden of proof which the act puts upon the complainant is confined to showing a violation of the law, and any excuse which is set up is a defence of which he who sets it up has the burden.

On *certiorari* to the Court of Common Pleas of the county of Gloucester.

Before Justices REED, BERGEN and MINTURN.

For the prosecutor, *Austin H. Swackhamer* and *Robert H. McCarter*.

For the respondents, *John Boyd Avis*.

The opinion of the court was delivered by

BERGEN, J. The proceedings brought under review by this writ were instituted in the Court of Common Pleas of the county of Gloucester, under section 10 of "An act to regulate the sale of spirituous, vinous, malt and brewed liquors, and to repeal 'An act to regulate the sale of intoxicating and brewed liquors,' passed March seventh, one thousand eight hundred and eighty-eight," approved March 20th, 1889 (*Pamph. L., p.* 77), as amended by a supplement thereto (*Pamph. L.* 1906,

*p.* 199). This section of the act as amended declares that if the holder of any license to keep an inn or tavern, or to sell spirituous, vinous, malt or brewed liquors in quantities less than one quart, shall sell such liquor to a minor under the age of twenty-one years, or to a person visibly under the influence of intoxicating liquors, or to one known to be of confirmed intemperate habits, or conduct his inn or tavern under his license in a manner forbidden by the act, his license shall, upon conviction, become forfeited and void, and upon the complaint of any two persons residents in the township or municipality wherein such license is used and exercised, verified by the oath of the complainant, being presented to the court or body by which the license was granted, alleging that such license has become forfeited, and specifying the acts complained of, the court or body granting the license shall require the licensee to show cause before it why his license should not be revoked, which rule shall be heard in a summary way, "the burden of the proof being on the complainant," and if the defendant shall be found guilty of any of the offences specified in the complaint, the license shall be adjudged to be void and the same revoked.

In the case under consideration, a complaint was filed with the Court of Common Pleas of Gloucester county, a summary hearing had thereon, and the offences stated in the complaint, or some of them, being found to be established, a judgment of forfeiture was entered and the license revoked. The prosecutor seeks to have the proceedings leading to the revocation set aside, upon the ground that the complaint was not in compliance with the act, and therefore furnished no jurisdictional basis for the action taken. Numerous reasons are urged in support of this contention, and they will be disposed of in the order presented on the argument.

*First.* That it does not show that complainants were residents of the township or municipality where the license was used or exercised, nor that it was used anywhere. The complaint states that complainants were residents of the township of Glassboro, and that the defendant was licensed "to keep an inn and tavern in the village of Glassboro in said township

in the house where he then lived." This, we think, is a suffi-
cient statement that the license was used and exercised in the
township of Glassboro, for the license could not be exercised
in any other place, and it is not pretended that the village of
Glassboro is a municipality separate from the township.

*Second.* That the affidavit is not sufficient, citing *Voight* v.
*Board of Excise,* 30 *Vroom* 358. The complaint is full and
specific, giving the names of several persons to whom it is
alleged liquor was sold contrary to the provisions of the act,
and the affidavit is "that the matters and things set forth
in the foregoing petition are true." This, I think, is a com-
pliance with the act and a genuine verification of the truth
of all the facts alleged in the complaint. If the affidavit was
untrue, or if true, not so to knowledge of the affiants, they
may be liable for making a false statement under oath, but
the trial court was bound to accept it in the form in which
it was presented to it.

In *Voight* v. *Board of Excise, supra,* the verification dis-
approved was that the matters and things set out were true
to the best of their knowledge and belief, the criticism being
that the deponents might not have had any knowledge of the
facts set out, and thus their belief have no solid foundation
to rest upon. In the present case the facts are set out, and
the verification is that they are true.

*Third.* That the complaint should allege a conviction of
the offences charged. This claim is based upon the statement
in the act that if the holder of the license shall sell liquors
contrary to the act "his license shall thereby, *upon conviction,*
become forfeited and void," and the argument is made that
summary proceedings can only be instituted after conviction,
by a legal tribunal, of a violation of the law. In my opinion,
the word "conviction" refers to a conviction in the summary
proceedings subsequently provided for, otherwise it would not
be necessary to try the truth of the complaint in a summary
way, and upon the proofs then adduced adjudge the defendant
guilty of offences of which he had been previously convicted.

*Fourth.* That the petition does not state that the sales to
minors were contrary to law, or to a minor for himself, or for

any other person. The law forbids the sale of intoxicating liquors to a minor under twenty-one years of age, and the complaint charges such sales to minors. That is sufficient, for a sale to such person is made unlawful by the law. It is true that section 10 of the statute does forbid the sale to a minor "contrary to law," but it subsequently declares that one of the acts of a licensee which subjects him to the penalty of a revocation of his license is a sale to any minor "for himself, herself, or to any such minor for any other person," thus making such a sale contrary to law. It is also urged that the proceedings were illegally conducted, because, as it is charged, the court ignored the provision of the law which declares that "the burden of proof" is upon the complainant. The court, in its findings, assumes that the sales to minors were not made by the defendant in his presence, but by his servants in direct violation of his orders not to sell to minors, and on this finding holds that the sales being proven, the burden was cast upon the defendant to show that his bartenders made the sales in good faith, under the honest belief, after proper inquiry and investigation, regarding the age of the purchasers, that they were not minors. I do not think this infringes the law which puts the burden of proof on the complainants, for the burden which the act puts upon them is to show a violation of the terms of the act, that they did, and the defendant offers in excuse, proof that neither he or his servants were aware that the purchasers were under the age of twenty-one years. The fact that they were under that age was established by the complainants, and to that extent they bore the burden of proof of such facts as the law required to be proven.

Whether, under this statute, want of knowledge of the age of the person to whom a sale is made is any excuse, is not being considered or determined, but I think the burden of proof which the law puts upon the complainant relates to the acts which it declares justifies a revocation of the license, and when that is shown, the required burden of proof has been successfully carried, and any excuse (the facts which warrant a revocation being admitted) offered by the defendant that he was acting in good faith, if permissible, must be estab-

lished by him. It is proper to add that the sales to minors is not the only reason upon which the judgment of revocation rests; the court expressly finds defendant guilty of other offences, which make it his duty to revoke the license, such as selling liquors to persons under the influence of intoxicating liquors; harboring drunkards and disorderly persons in and around his hotel, and that boys under age were permitted to lounge in and frequent the bar room where intoxicants were sold.

Finding no error in the proceedings, the writ should be, and is, dismissed, with costs.