STATE, EX REL. FRANK B. DILTS ET AL., v. BOARD OF
EXCISE COMMISSIONERS OF JERSEY CITY.

Argued February Term, 1910—Decided March 30, 1911.

1. The jurisdiction conferred upon a board of excise commissioners, by the third section of the supplement of 1906 to the act regulating the sale of intoxicating liquors, to entertain applications to revoke licenses issued by it, upon the ground that holders thereof have violated the provisions of the act, is not dependent in a given case upon a conviction having first been had before another tribunal against the alleged violator.

2. It is not necessary to the validity of an affidavit taken out of the state before a notary public that the jurat, or certificate, of the notary should contain a recital that he is such officer.

---

On rule to show cause why *mandamus* should not issue.

Before GUMMERE, CHIEF JUSTICE.

For the relators, *Marshall W. Van Winkle* and *Dougal Herr.*

For the respondent, *John Milton.*

.The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The relators presented a written complaint, duly verified, to the board of excise commissioners of Jersey City against one Hugh Mehan, a licensed vendor of intoxicating liquors, alleging that he had violated the supplement of April 13th, 1906, to the act to regulate the sale of intoxicating liquors (*Pamph. L., p.* 199) by obstructing with a curtain a clear view of the interior of his saloon on Sunday, the 10th day of October, 1909, and by selling intoxicating liquor on that day; and praying that an order be made by the board requiring Mehan to appear before it and show cause why his license should not be declared forfeited and revoked.    The excise board dismissed the complaint upon the ground that it was without jurisdiction to entertain it.    The relators now seek a *mandamus* against the board to compel it to receive the complaint and proceed to hearing and judgment upon it.

The ground upon which the board of excise commissioners refused to consider the complaint of the relators was that, under the third section of the supplement of 1906, it was without power to revoke Mehan's license unless he had first been convicted of a violation of some, or one, of the provisions of that act before a court of competent jurisdiction; and that the relators' complaint failed to disclose that there had been such a conviction.

In our opinion the board was in error in so construing the statute.    The provision referred to is that if the holder of a license shall violate any of the provisions of the act, "his license shall thereby, upon conviction, become forfeited and void."    In the case of *Davis* v. *Repp,* 50 *Vroom* 394, the provision of the act referred to was before this court for consideration, and it was there held that the conviction mentioned in the act was one had in a proceeding before the body which granted the license, a proceeding instituted by two or more residents of the municipality wherein the license was used and exercised, and in the method prescribed by the act; in other words, a proceeding such as that which was instituted by the present relators.

It is argued before us that the refusal of the board of excise commissioners to entertain the complaint of the relators was proper for another reason—not stated by the board as a ground for its action—and that is that the complaint was not properly verified. The act requires that such complaints shall be "verified by the oath of the complainant." The point made is that the oath of Dilts, and that of another of the relators, were each taken before a notary public in the city of New York, and that the jurat in each case fails to comply with the provision of section 5 of "An act relative to oaths and affidavits" (*Gen. Stat., p.* 2334), by containing a recital that the officer taking the affidavit was such notary. The provision referred to relates to affidavits taken out of the state, and is as follows: "A recital that he is such notary  *   *   *   in the jurat or certificate on such  *   *   *   affidavit, and his official designation annexed to his signature and attested under his official seal shall be sufficient proof that the person before whom the same is taken in such notary." This provision does not make the recital of official character in the jurat or certificate essential to the validity of the affidavit. It merely provides a method of proof of official character, if challenged, by substituting the recital in the jurat or certificate in the place of the production of the official commission issued to the notary. *Magowan* v. *Baird,* 8 *Dick. Ch. Rep.* 656. The statutory requirement was complied with in the verification of the complaint.

The contention on behalf of the board of excise commissioners that the relators were in laches in applying for the rule to show cause why a *mandamus* should not issue, and the suggestion that Mehan should have been made a party to the present proceeding, are, each of them, we consider, without merit.

A peremptory *mandamus* will be allowed.