This case turns on an act concerning alcoholic beverages. P.L.1933 p. 1180 § 23, as amended by P.L. 1935 p. 787. Defendant is the holder of a plenary retail consumption license by virtue of which he is permitted to sell alcoholic beverages in a restaurant conducted by him in premises of which he is the lessee. On January 13th, 1937, he promised complainant, "if the landlord of the premises sells by reason of any action he might bring on account of default in rent, I agree to transfer to such purchaser my license upon the payment to me of $100 in cash. Consideration for this agreement is the promise by Patrick J. Walsh [complainant] on behalf of the landlord, not to distrain or sue for rent before January 20th, 1937." After that date, the landlord distrained for rent and sold to complainant the distrained goods and chattels. Complainant sues to enjoin defendant from *Page 360 
transferring the license to anyone else and to compel him specifically to perform the agreement above quoted.
Defendant moves to dismiss the bill. Complainant asks that defendant be restrained pendente lite from consenting to a transfer of the license to anyone save complainant. John F. Murray, Jr., and Elizabeth Glennon petition to be admitted as parties defendant. They allege that on June 16th, 1936, they endorsed Bradley's note for the purpose of enabling him to secure moneys to pay the license fee and that he pledged the license with them as security in order to save them harmless from their endorsement.
The statute to which I have referred enacts, "Licenses are not transferable except as hereinafter provided. * * * Under no circumstances, however, shall a license or rights thereunder be deemed property subject to inheritance, sale, pledge, lien, levy, attachment, execution, seizure for debts, or any other transfer or disposition whatsoever, except to the extent expressly provided by this act." Then follows the exception, a provision empowering the licensing authority to transfer a license from the original licensee to another person upon application in writing which "shall bear the consent in writing of the licensee to such transfer."
The pledge to Murray and Glennon violates the express words of the statute and is void.
The agreement between complainant and defendant purported to give to the purchaser at distress sale or execution sale an option to buy the license for $100. The purchaser would thereby be induced to bid not only the value of the chattels but also the value of the license in excess of $100; he would bid for both chattels and license. Thus the license would be made subject, in some degree, to the lien of the landlord and liable to execution and seizure for the debts of the licensee. This scheme is contrary to the policy of the law. The purpose of the legislature is clear that licensees should hold their licenses free from any device which would subject the licenses to control of other persons.
Bill dismissed. *Page 361