Complainant, Harry Lachow, was the owner of a grocery and delicatessen business, and the holder of a license to sell packaged liquor in premises which he owned at 89 Wilson Avenue, Newark. On October 18th, 1939, he sold his business to the defendant Israel Alper, and transferred the liquor license to him. Lachow and Alper also entered into a lease for the premises 89 Wilson Avenue, Newark, which lease contained a provision that the lease was made "upon a specific agreement that the Tenant (Alper) will not transfer his liquor license from the above premises during the duration of this lease or any renewal term. An attempt of such transfer shall constitute a breach of this lease entitling the landlord to dispossess the Tenant herein. The Landlord shall also have the right of injunctive remedy in order to prevent the Tenant from effectuating such transfer."
The bill charges that Alper has agreed to transfer the liquor license from the premises 89 Wilson Avenue, Newark, New Jersey, to Irving and Nathan Juman, trading as Wilson Delicatessen, in premises 94 Wilson Avenue, Newark, New Jersey, and prays injunction restraining Alper and the defendants Juman from proceeding with an application to effectuate such transfer now pending before the Municipal Board of Alcoholic Beverage Control of the City of Newark.
Upon the return of an order to show cause granted on the filing of the bill of complaint the defendants now move to strike the bill of complaint and for an order dismissing the bill of complaint upon the ground that the bill of complaint seeks to enforce a covenant in the lease which is illegal. The lease in so far as it relates to the liquor license is contrary to the policy of the law. Walsh v. Bradley, 121 N.J. Eq. 359;190 Atl. Rep. 88. *Page 590 
 R.S. 33:1-26 discloses a clear legislative intent that licensees should hold their licenses free from any device which would subject the licenses to the control of other persons. It provides inter alia that "* * * Under no circumstances, * * * shall a license, or rights thereunder, be deemed property, subject to inheritance, sale, pledge, lien, levy, attachment, execution, seizure for debts, or any other transfer or disposition whatsoever, except to the extent expressly provided by this chapter. * * *"
By the agreement complainant sought after the transfer of his license to Alper to exercise a property right thereunder and in effect the license was pledged as a sort of security for the performance of the lease during its term or any renewal thereof.
The bill of complaint will be dismissed. *Page 591