Defendant entered into a contract with complainants to sell them a tavern property. The contract contains the following clause: "The purchaser is to make all necessary applications for transfer of liquor license, advertising therefor, and license of transfer of $400.00 liquor stock; the seller agreeing to sign the necessary forms." The contract was not carried out, and complainants bring this suit for specific performance, praying that defendant be ordered to sign such forms.
The legislature has placed special restrictions on the sale of alcoholic beverages and the issuance of licenses for the sale thereof, and has made such licenses purely personal. R.S.33:1-26 provides: "Under no circumstances, however, shall a license, or rights thereunder, be deemed property, subject to inheritance, sale, pledge, lien, levy attachment, execution, seizure for debts, or any other transfer or disposition whatsoever, except to the extent expressly provided by this chapter." The statute further provides that on application for a transfer of license, which shall bear the consent in writing of the licensee to such transfer, the commissioner may transfer the license.
Complainants contend that since the statute permits a licensee to consent to an assignment, the licensee can becompelled to carry out a contract to do so. This does not necessarily follow. The proper interpretation of the statute, taken as a whole, is that the licensee is protected against any interference with the license, which is not to be considered property at all. It is not subject to sale, and therefore, by necessary implication, cannot form a matter of a valid contract of sale.
The policy of the legislature clearly appears to be that no contract is valid or enforceable which would give any other person than the licensee any power or control over a liquor license. The courts have uniformly sustained this view. A *Page 243 
license is a mere privilege, not a contract. Meehan v. Boardof Excise Commissioners, 73 N.J. Law 382. It is not a property right, and cannot be the subject of a chattel mortgage.Feigenspan v. Milligan, 63 N.J. Eq. 179. In Lachow v.Alper, 130 N.J. Eq. 588, the court says: "R.S. 33:126
discloses a clear legislative intent that licensees should hold their licenses free from any device which would subject the licenses to the control of other persons." To the same effect isWalsh v. Bradley, 121 N.J. Eq. 359.
To compel defendant to join in a transfer of the license, by reason of a contract agreeing to do so, would clearly enforce a control over defendant's license. Certainly the extraordinary remedy of specific performance which is never exercised in doubtful cases, is not available to complainants here. The motion to strike the bill will be granted. *Page 244