Complainants seek the specific performance of a certain provision of a lease executed by the complainants and the defendant June 26th, 1944. The complainant Henry Rawlins is the owner of a tract of land at the northeast corner of Landis and Lincoln Avenues, in Landis Township, Cumberland County. Upon the land is a combination saloon and dwelling, and another smaller dwelling. Until April, 1942, Mr. Rawlins operated the saloon in the larger property and he and his wife, the complainant Bertha J. Rawlins, resided in the apartment connected therewith; the defendant Nan Trevethan and her husband occupied the smaller dwelling as tenants of Mr. Rawlins.
Mr. Rawlins had, at one time, been a mechanic in the United States Navy. In April, 1942, he was recalled for service upon a tugboat at Norfolk, Virginia. Thereupon, Mrs. Rawlins applied for a transfer of Mr. Rawlins' license to her; the transfer was granted and she operated the saloon until on or about July 1st, 1944.
In March, 1944, Mr. Rawlins received a medical discharge and returned home. He found Mrs. Rawlins in ill health and suffering from an injured hand. They determined to get out of the saloon business; as Mr. Rawlins expressed it, they did not need to continue in the business as they could live *Page 228 
comfortably on his government pension. Mr. Rawlins spoke to the defendant and asked her if she would not like to take over his wife's license and the saloon. She answered in the negative, saying that she knew nothing about the saloon business and was afraid of it. Later he repeated his suggestion and she demurred, saying that if she took over the saloon she would be forced to relinquish a position which she had held for twenty years. Still later, however, when Mr. Rawlins again proposed that she take over the saloon, she consented. A transfer of license was granted Mrs. Trevethan by the township committee, the local licensing authority, June 30th or July 1st, 1944.
When the defendant consented to take over the saloon and to rent the premises from Mr. Rawlins, the latter visited a local real estate agent and had him draft the lease which is now before the court. When it was completed it was brought to the saloon and given to Mr. Rawlins. He called the Trevethans into the kitchen, back of the saloon, and there the lease was signed. In it was the special typewritten provision now attempted to be enforced: "As an additional consideration for leasing this property and having the liquor license transferred to said Nan Trevethan, the party of the second part agrees that she will not apply for removal, remove or not transfer said liquor license off said premises or to any other person during the term of this lease; and that at the expiration of this lease, and if same is renewed at the expiration of the term of the renewal lease, she agrees to transfer this liquor license back to Bertha J. Rawlins or to any other person that Henry Rawlins, party of the first part, may designate."
Defendant, admittedly, was not illiterate and she would be presumed to know that the quoted paragraph was a part of the lease she signed. She testified, however, that she was busy serving customers in the bar when Mr. Rawlins received the lease and called her to the kitchen to sign it, that she trusted him and did not attempt to read the lease before she signed it. Her testimony was corroborated generally by her husband. Nevertheless, as I see it, their testimony in that regard is unimportant to a decision of this case. *Page 229 
The term fixed in the lease was for one year from the 1st day of July, 1944, but an option was given the lessee to continue in possession until July 1st, 1946. July 1st, 1944, the parties exchanged residences and the defendant took over the operation of the saloon. July 1st, 1945, the defendant obtained a renewal of her license from the township committee. In January, 1946, Mr. Rawlins told the defendant that her lease would not be renewed and that he wished possession of his property July 1st, 1946. March 29th, 1946, Mr. Rawlins caused a written notice to the same effect to be served upon the defendant. May 29th, 1946, the defendant made application to the township committee for the transfer of her license from the northeast corner of Landis and Lincoln Avenues to the northwest corner of the intersection. A notice of her application for transfer of license was published, and the complainants, through counsel, protested. After twice considering the matter, the township committee approved of the transfer of the license and on July 1st, 1946, the defendant vacated Mr. Rawlins' property and opened her saloon across the street. She still conducts her business at that location.
When the complainants executed the lease they should have known, and they did know, that a plenary retail liquor license for Mr. Rawlins' property could only be granted or transferred by the Landis Township Committee. Each of the complainants had previously applied for and been granted a license and Mrs. Rawlins had applied for and obtained a transfer of Mr. Rawlins' license to her. Many years ago, Vice-Chancellor Van Fleet declared it unconscionable for a man to take the promise of another to do a particular thing which the promisee knew, at the time the promise was made, the promisor could not perform except by the consent or concurrence of a third person, and then, when consent or concurrence was refused by the third person in good faith, to demand a strict and literal fulfillment of the promise. The Vice-Chancellor added: "He contracts with full notice of the uncertainty or hazard attending the promisor's ability to perform, and has no right, therefore, to ask the extraordinary aid of a court of conscience in repairing the loss he has sustained by the non-fulfillment of the contract. He *Page 230 
must be content with his ordinary legal remedy." Peeler v.Levy, 26 N.J. Eq. 330, 332. A decade later Vice-Chancellor Bird held that a saloon keeper's license was personal to the holder and could not by him be delegated or assigned. Semple v.Flynn (Court of Chancery), 10 Atl. Rep. 177 (not reported in the State Reports).
The township committee of the Township of Landis has discretionary power to approve or disapprove the transfer of a plenary retail consumption license. R.S. 33:1-19. It is not a party to this cause nor, were it a party, would this court attempt to control its discretion in transferring or refusing to transfer the license in question. "Decrees that would in the final result be nugatory should not be made." Fiedler, Inc., v.Coast Finance Co., Inc. (Court of Errors and Appeals),129 N.J. Eq. 161; 18 Atl. Rep. 2d 268; 135 A.L.R. 273. See, also, McClusky v. O'Brien (Court of Chancery), 137 N.J. Eq. 20; 43 Atl. Rep. 2d 281.
In Voight v. Board of Excise Commissioners of the City ofNewark, 59 N.J. Law 358, 360; 36 Atl. Rep. 686, Mr. Justice Gummere, speaking for our Supreme Court, said: "A license is in no sense property. It is a mere temporary permit to do what otherwise would be illegal, issued in the exercise of the police power. Lantz v. Hightstown, 17 Vr. 102, 107; MetropolitanBoard of Excise v. Barrie, 34 N.Y. 657; 11 Am. Eng. Encycl.L. 634."
In the instant case counsel for the complainants does not deny that the established rule in New Jersey is that a license to sell liquors is in no sense property. Nor does he deny that a public policy has been declared in this state by our legislature and our courts that licensees should hold their licenses free from any device which would subject them to the control of other persons.Walsh v. Bradley, 121 N.J. Eq. 359; 190 Atl. Rep. 88; Lachow
v. Alper, 130 N.J. Eq. 588; 23 Atl. Rep. 2d 595; Mannion
v. Greenbrook Hotel, Inc. (Court of Errors and Appeals),138 N.J. Eq. 518; 48 Atl. Rep. 2d 888; Novack v. Krauz,138 N.J. Eq. 241; 47 Atl. Rep. 2d 586. Counsel for the complainants does argue, however, that our legislature, having provided by law for transfers of licenses, has given to a license the attribute of property. *Page 231 
This contention was raised in the case from which I have just quoted, Voight v. Board of Excise Commissioners of the City ofNewark. Mr. Justice Gummere commented, "But why the fact that a license may now be transferred in this state converts it from a mere privilege into a property right, he does not tell us, nor have I been able to perceive, and I have therefore concluded that the contention has nothing to rest upon."
Specific performance and injunction are extraordinary equitable remedies, to be extended or withheld at the discretion of the Chancellor. The established practice in this court is to deny one those remedies to enforce performance of a contract to assign or transfer a liquor license or to otherwise control a licensee in the use of his license. Walsh v. Bradley, supra; Lachow v.Alper, supra; Mannion v. Greenbrook Hotel, Inc., supra;Novack v. Krauz, supra.
A form of decree dismissing complainants' bill may be submitted.