ANGELINA IAVICOLI, complainant-appellant,

*v.*

BATTISTA DIMARCO and FANNIE DIMARCO, defendants-respondents.

[Argued May 24th, 1948.   Decided September 3d, 1948.]

*Mr. Gene R. Mariano,* for the complainant-appellant.

*Mr. Samuel P. Orlando,* for the defendants-respondents.

The opinion of the court was delivered by

SCHETTINO, J.

This is an appeal from a final decree dismissing a bill for specific performance filed by a contract purchaser.

The transaction in question involved the sale of real property and a saloon business conducted thereon.   Two separate writings were executed simultaneously;   one for the sale of the realty and the other for the sale of the saloon business, fixtures and equipment, and the liquor license.   By their express terms, both instruments were in fact integrated into a single contract.

The contract provided:

"It is hereby mutually agreed that in the event the Plenary Retail Consumption License is not transferred to the Buyers herein by the issuing authority of the City of Camden then this agreement is to be void and of no effect and the monies paid hereunder shall be returned to the Buyers."

The contract further provided:

"The Sellers agree to execute a consent in writing to the transfer of the aforesaid Plenary Retail Consumption License to the Buyers without fraud or delay immediately upon the execution of this agreement."

The sellers did execute a consent to a transfer of the license but later withdrew their consent. The transfer was denied by the local board of alcoholic beverage control.

The buyer sought specific performance of the entire contract or, in the alternative, of so much of the contract as related to the real property.

As we read the record, the buyer sought to obtain specific performance of the entire contract including a transfer of the license.

The Vice-Chancellor held that the entire contract could not be specifically enforced for the reason that equity could not control the discretion of the local board of alcoholic beverage control whose approval of the transfer is required by statute. *R. S. 33:1–26, N. J. S. A.* We agree. *Fiedler, Inc.,* v. *Coast Finance Co., Inc.* (*Court of Errors and Appeals, 1941*), *129 N. J. Eq. 161, 168-169.*

The buyer urges that an estoppel should be found against the sellers on the ground that the sellers wrongfully withdrew their consent to the transfer and thereby prevented the performance of the quoted condition of the contract. The sellers contend that the buyer was a "front" for others, and that the sellers withdrew their consent for fear of possible entanglement in a violation of the law. In our opinion, this factual issue is here of no moment, for, if an estoppel should be found, there would nevertheless remain the basic difficulty precluding the remedy of specific performance, to wit, the inability

of equity to direct the local board in the exercise of a discretion vested in it.

With respect to the prayer for specific performance of so much of the agreement as related to the real property, the Vice-Chancellor properly held that the two instruments constituted a single contract and hence refused to treat the single writing relating to the real property as an independent and separate agreement.

The decree is accordingly affirmed, without costs.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ.   14.

*For reversal*—None.