[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 435 
Manifestly the plaintiff is entitled to a judgment declaring the dissolution of the partnership in which he and the defendant have engaged under the name and style of Broadway Cafe and Bowling Alley at No. 73 French Street in the City of New Brunswick. R.S. 42:1-31, 1-a, N.J.S.A.
The prevailing terms of the partnership are expressed in articles of agreement executed by the plaintiff and defendant on June 23, 1941. Cf. R.S. 42:1-23, N.J.S.A. For present purposes, the following paragraphs of the instrument engage primary attention:
"18. It is further agreed by and between the parties hereto that all rights to all local and state licenses and permits for the conduct of said business shall remain in the party of the first part in the event of the dissolution of the co-partnership, or the retiring of the party of the second part, or in the event of the expiration of the *Page 436 
within Agreement, and the said party of the second part shall be entitled to a credit of the prorated license fee paid.
 * * * * * * * *
"21. And it is further agreed by and between the parties hereto that the value of all the right, title and interest of the party of the second part in the said business shall be one-half of the actual cost of all the merchandise on hand at the time of the retiring or death of the party of the second part, or the dissolution of the co-partnership herein, or in the event of the expiration of the within agreement."
The plaintiff is designated the party of the first part in the agreement, and he seeks in this action not only a confirmation of the dissolution of the partnership but a further adjudication:
"That defendant's interest in the plenary retail consumption license C-21 (if any) issued by the City of New Brunswick, to the co-partnership, be decreed to be in trust for the said Joseph Takacs, and that said defendant be ordered to convey and transfer all his right, title and interest in said business, and in said plenary retail consumption license C-21 to the plaintiff Joseph Takacs, upon the payment to him of the sums of money called for under the co-partnership agreement."
I have extracted the demand literatim from the plaintiff's complaint.
Specifically, the defendant challenges the right of the plaintiff to a judgment requiring the defendant to transfer to the plaintiff "his right, title and interest" in the plenary retail consumption license.
The present license was issued to the partnership upon the application of both partners. Its issuance accordingly depended upon the qualifications of both. R.S. 33:1-25, N.J.S.A.
Our statute declares: "Under no circumstances, however, shall a license, or rights thereunder, be deemed property, subject to inheritance, sale, pledge, lien, levy, attachment, execution, seizure for debts, or any other transfer or dispositionwhatsoever, except to the extent expressly provided by this chapter." (Italics mine.) R.S. 33:1-26, N.J.S.A.
That a license to sell intoxicating liquors is in no sense property but merely a temporary permit or privilege to pursue an occupation otherwise illegal is not a novel proposition. *Page 437 
See Voight v. Board of Excise Commissioners of the City ofNewark, 59 N.J.L. 358, 360, 36 A. 686. The Legislature in the more recent exercise of the police power has manifestly declared it to be our public policy that such licensees should hold their licenses free from any devise which would subject them to the control of other persons. Walsh v. Bradley,121 N.J. Eq. 359, 190 A. 88; Lachow v. Alper, 130 N.J. Eq. 588,23 A.2d 595; Novack v. Krauz, 138 N.J. Eq. 241,47 A.2d 586; Mannion v. Greenbrook Hotel, Inc., 138 N.J. Eq. 518,48 A.2d 888; Rawlins v. Trevethan, 139 N.J. Eq. 226,50 A.2d 852; Lavicoli v. Di Marco, 142 N.J. Eq. 699,61 A.2d 247.
In the present case it is proposed that neither the provisions of the statute nor considerations of public policy envelop transactions respecting the license between co-licensees intersese. Perhaps qualifiedly true. It seems to me, however, that the proposed exception in the instant case does not elude three significant factors. First, the license lacks the common elements of transferable property; secondly, the power to determine who shall exercise the privileges of the license and to whom it may be transferred resides exclusively in the governmental licensing authorities; and, thirdly, all transfers or dispositions whatsoever are forbidden "except to the extent expressly
provided" by the statute. I am unable to discover any express legislative exception applicable to the point of present discussion.
In the case at hand the subject must be attached to the stipulated and evident circumstances and to the nature of the relief requested. It is in view of such that the propriety of the requested relief is to be resolved.
The parties agreed that in the event of the expiration or dissolution of the partnership "all rights to all local and state licenses and permits for the conduct of the business" should"remain" in the plaintiff.
In Mannion v. Greenbrook Hotel, Inc., 138 N.J. Eq. 518,48 A.2d 888, I stated (on p. 520): "The legislative policy is limitational, but it was not intended to abominate all the contractual or legal obligations of such licensees in *Page 438 
anywise related to the business of selling liquor." I need not at the moment determine the validity of the agreement as between the parties in its relation to the division of the assets required by the dissolution of the partnership, but where the license will hereafter "remain" depends basically upon the determination of the licensing authorities and not upon the will of the two licensees or upon the decision of this court.
The relief sought by the plaintiff presupposes the false hypothesis that the license is property in which this court may declare a trust and require the trustee to transfer.
Essentially the plaintiff desires to obtain through the mandate of this court a writing from the defendant evidential of the latter's relinquishment of his privileges under the existing license and declaratory of his consent to the transfer or issuance of the license to the plaintiff alone. The defendant declines to do so.
In Novack v. Krauz, supra, it was argued that since the statute permits a licensee to consent to an assignment of the license, the licensee can be compelled to perform a contract to do so. The bill of complaint was dismissed. If one licensee is unable lawfully to hold a license subject to the control of another, is it logically to be concluded that one or more of several co-licensees may subject the availability of their privileges under the license to the control of a co-licensee? I think not, without doing violence to the fundamental object of the principle and policy. Unity in the use and enjoyment of the license implies equality of unabridged authority and responsibility among all. In Walsh v. Bradley, supra, Lachow v.Alper, supra, and Rawlins v. Trevethan, supra, the covenants were between parties occupying the relationship of landlord and tenant.
The desire for the judgment of specific performance is to influence and govern, if possible, the destiny of the license following the dissolution of the firm. I have no reason to believe that the licensing agency will entirely reject from consideration the terms of the partnership agreement. The principal difficulty that precludes this court from embarking upon such an undertaking as here contemplated inheres in its *Page 439 
inability to direct the licensing authorities in the exercise of their discretionary duties. Lavicoli v. Di Marco, supra.
The equitable relief sought by the plaintiff under paragraph (b) of the prayer of the complaint is denied.