MENCSIK et, Plaintiffs-Appellees, v. MENCSIK et,
Defendants-Appellants.

Ohio Appeals, Second District, Montgomery County.

No. 2199.   Decided December 3, 1952.

Coolidge, Becker, Wall & Wood, Dayton, for plaintiffs-appellees.

Nolan, Boesch & Wolff, Dayton, for defendants-appellants.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court entered on March 20, 1952, wherein the holder of certain liquor permits was ordered to execute the necessary forms as prescribed by the Department of Liquor Control to effect their transfer to John C. Smith, Receiver for Frank L. Mencsik, defendant.

The question presented concerns the jurisdiction the Court acquired over the liquor permits in possession of the defendant at the time of the appointment of the receiver for the business. It is urged by the appellant that such permits are not property but merely a right or privilege granted by the State and subject to the exclusive control of the Board of Liquor Control. We do not think it necessary to elaborate at length on the question for subsequent to the judgment in this case our Supreme Court had occasion to pass upon this identical question in the case of **Abraham v. Fioramonte, 158 Oh St 213.** In that case the permit holder was ordered to execute such applications and forms as may be necessary or required to transfer

the interest in the licenses to the receiver. Discussing the issue in the case Judge Middleton says at page 226:

"It is uncontrovertable that the sale of intoxicating liquors is a business completely controlled in Ohio by legislation. It is not an ordinary business in which individuals may freely engage.

"As previously stated by this court in the case of **State, ex rel. Zugravu, v. O'Brien, 130 Oh St, 23,** 196 N. E., 664:

" 'Permits to carry on the liquor business which are issued under the provisions of the Liquor Control Act are mere licenses, revocable as therein provided, and create no contract or property right.'

"See, also, **State v. Hipp, 38 Oh St, 199; Frankenstein v. Leonard, et al., Board of Liquor Control, 134 Oh St, 251,** 16 N. E. (2d), 424; **Board of Liquor Control v. Tsantles, 156 Oh St, 512,** 103 N. E. (2d), 749.

"The courts of some states have held that liquor licenses or permits are property which may be subjected to claims of creditors, but such decisions were rendered with respect to statutes essentially different from those in force in Ohio. In fact, some of those decisions specifically state that the conclusion would be different under laws not permitting the transfer of permits from one person to another. For example, In Degginger, Recr., v. Seattle Brewing & Malting Co., 41 Wash., 385, 83 P., 898, which held such licenses to be more than a personal privilege, the court said:

" 'Under statutes which do not permit transfers of the license from one person to another, and where the right is a personal privilege only, we think the rule stated (that the permit is not such property as is subject to the debts of the licensee and that none of the rights secured thereby can be enjoyed by the receiver) is undoubtedly correct.'

"This principle is well stated as follows in the annotation appearing in 148 A. L. R., 495:

" 'Wherever the courts consider a license to sell intoxicating liquors primarily as a privilege, and not a property right, they will hold it not subject to execution or attachment. Barnard v. State (1909), 158 Ala., 35, 48 So., 483; Semple v. Flynn (1887) N. J. Eq., 10 A., 177; Walsh v. Bradley (1937), 121 N. J. Eq., 359, 190 A., 88; Re Summa (1893), 2 Pa. Dist. R., 651; Re Breen (1893), 2 Pa. Dist. R., 652; Re Ulrich (1897), 6 Pa. Dist. R., 408; Walsh v. Walper (1901), 3 Ont. L. Rep., 158—Div. Ct.'

"It is our conclusion that permits to engage in the business of selling intoxicating liquors in Ohio are not property such as can be validly covered by a mortgage, that the mortgage given by Fioramonte did not cover such permits held by him,

and **that liquor permits are not property which can be reached in a proceeding under §11104 GC."** (Emphasis ours.)

Since the permits are not property which may be reached under §11104 GC, the summary proceedings against Frank L. Henderson to recover the same were not authorized and the error assigned to this procedure is also well taken. We have carefully examined all remaining errors complained of and find none of which to be well made.

The judgment will be reversed and cause remanded for further proceedings according to law.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

### ON APPLICATION FOR REHEARING

No. 2199. Decided December 18, 1952.

### OPINION

By THE COURT:

The application for rehearing will be denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.