PACKARD-BAMBERGER & CO., INC., APPELLANT, v. BOR-
OUGH COUNCIL OF THE BOROUGH OF OAKLAND AND
DIVISION OF ALCOHOLIC BEVERAGE CONTROL, RE-
SPONDENTS, AND HOWARD KAHN, T/A OAKLAND
WINE AND LIQUOR STORE, AND HUDSON-BERGEN
COUNTY RETAIL LIQUOR STORES ASSOCIATION, A
NEW JERSEY CORP. NOT FOR PECUNIARY PROFIT,
INTERVENING OBJECTORS.

Superior Court of New Jersey
Appellate Division

Argued February 8, 1965—Decided March 15, 1965.

Before Judges CONFORD, KILKENNY and LEWIS.

*Mr. Daniel Amster* argued the cause for appellant.

*Mr. Burrell Ives Humphreys* argued the cause for respondent Borough Council of the Borough of Oakland (*Mr. Nathan Bernstein,* attorney).

*Mr. Samuel J. Davidson* argued the cause for intervening objectors (*Mr. Samuel Moskowitz,* attorney).

*Mr. Samuel B. Helfand,* Deputy Attorney General, argued the cause for respondent Division of Alcoholic Beverage Control (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

CONFORD, S. J. A. D. This is an appeal from the decision of the Director of the Division of Alcoholic Beverage Control affirming the denial by the Mayor and Council of the Borough of Oakland of an application for the transfer of an alcoholic beverage license. The denial was based upon the prohibition by *N. J. S. A.* 33:1–12.31 to 12.37 (*L.* 1962, *c.* 152) of the acquisition by any person of a "beneficial interest" in more than a total of two such licenses, appellant already being the owner of two or more licenses.

Appellant on July 9, 1962 entered into a contract of purchase of the alcoholic beverage license now in question—that issued to Pleasureland, a New Jersey corporation, for premises at 23 Doty Road, Oakland, N. J. On July 20, 1962 appellant filed an application for the transfer of that license to it with the Mayor and Council of the Borough of Oakland. Proper notice of the application was published.

On August 3, 1962 the cited statute became effective. It provides (*N. J. S. A.* 33:1–12.31):

"On and after the effective date of this act no person, as the same is defined in section 33:1–1 of the Revised Statutes, shall, except as

hereinafter provided, acquire a beneficial interest in more than a total of 2 alcoholic beverage retail licenses, but nothing herein shall require any such person who has, on the effective date of this act, such interest in more than 2 such licenses to surrender, dispose of, or release his interest in any such license or licenses."

*N. J. S. A.* 33:1–12.35 provides: "Nothing in this act shall affect the right of any holder of retail licenses heretofore acquired to continue to hold, use and renew such licenses."

The matter of the application for transfer of the license was first heard by the mayor and council on August 7, 1962 and continued to September 4. On that date, the mayor and council denied the application on the ground stated above, and, as noted, that action was affirmed by the Division.

The problem before us is whether a party who had entered into a contract to purchase a license prior to the effective date of the cited act was entitled to have the issuing authority pass upon its application thereafter (1) on the theory that it would not thereby be *acquiring* a "beneficial interest" in the license since it already held such an interest therein, and (2) by virtue of the statutory saving clause, "but nothing herein shall require any such person who has, on the effective date of this act, such interest in more than 2 such licenses to surrender, dispose of, or release his interest in any such license or licenses."

Appellant's position is, simply, that it had a "beneficial interest" in the license in question prior to the effective date of the act because of its contract and by virtue of the fact that in the ordinary course, and had the statute not been used as a reason for denial by the control agencies, the transfer would have been approved. However, appellant supports its argument solely by resort to dictionary definitions of the words, "beneficial interest." Solution of the problem cannot be had in such manner, but must be approached in the light of settled concepts as to the nature and exercise of a liquor license under the regulatory statute and the interpretive cases.

Some light is cast upon the problem by the recent decision upholding the constitutionality of the cited 1962 enactment,

*Grand Union Co. v. Sills,* 43 *N. J.* 390 (1964). In dealing with the contention that the statute was void for vagueness, the court said:

"Notwithstanding its somewhat awkward terminology, section 1 is to be read as limiting the holding of retail liquor licenses to two per person, *without, however, disturbing existing multiple holdings and their renewal.*

The purpose underlying the legislative use of the phrase 'beneficial interest,' a phrase which appears throughout the law (*Montana Catholic Missions v. Missoula County,* 200 *U. S.* 118, 127–128, 26 *S. Ct.* 197, 50 *L. Ed.* 398, 402 (1906) ; *In re Rogers' Estate,* 15 *N. J. Super.* 189, 206 (*Essex Cty. Ct.* 1951) ; *In re Armistead,* 362 *Mo.* 960, 245 *S. W. 2d* 145, 148 (1952) ), seems clear enough; it, along with the comparable phrase 'directly or indirectly interested,' was contained in the original Control Act (*L.* 1933, *c.* 436, *pp.* 1193, 1205) and was intended to include *ownership interests in the broad or equitable sense* rather than in the narrow or technical sense. That certain marginal situations may present close questions for determination does not indicate that the statutory language is too uncertain. *State v. Hudson County News Co., supra,* 35 *N. J.* [284], at *pp.* 297–298. It is worthy of note that the many references to beneficial and direct or indirect interests which appear in the regulations or application forms issued by the Division of Alcoholic Beverage Control have long been applied administratively without any significant difficulty." (at *pp.* 408–409 ; emphasis added)

 The foregoing excerpt, although not addressed to the precise question at hand here, inspires the thought that a contractor to purchase a license is not a "holder" of a license in the sense of the quoted language, "multiple holder"; nor one encompassed by the reference to "ownership interests in the broad or equitable sense." A contract vendee of a license has such little status under the alcoholic beverage control statute that the courts will refuse to grant him specific performance against the vendor because so to do would be inconsistent with the inability of the court to control the exercise of discretion by the local board, *Iavicoli v. DiMarco,* 142 *N. J. Eq.* 699 (*E. & A.* 1948), and because it would impair the absolute control which holders of licenses should retain over them. *Walsh v. Bradley,* 121 *N. J. Eq.* 359, 360 (*Ch.* 1937). See also *Novack v. Krauz,* 138 *N. J. Eq.* 241 (*Ch.* 1946) ; *Rawlins v. Trevethan,* 139 *N. J. Eq.* 226 (*Ch.* 1947) ;

*Takacs v. Horvath*, 3 *N. J. Super.* 433 (*Ch. Div.* 1949). This line of cases was cited with approval in *The Boss Co., Inc. v. Bd. of Com'rs of Atlantic City*, 40 *N. J.* 379, 388 (1963). See an expression of the same principle, in another area of the law, in *Popular Refreshments, Inc. v. Fuller's Milk Bar, etc.*, 85 *N. J. Super.* 528, 540 (*App. Div.* 1964), certification denied, 44 *N. J.* 409 (1965).

In relation to the reference by the Supreme Court in *Grand Union Co.* to administrative regulations governing "beneficial interests," we observe that appellant cites no such regulation pertaining to the status or rights of a contract vendee of a license. Indeed, the statute itself declares that a license or rights thereunder shall not be property or subject to sale except to the extent expressly provided by the act. *N. J. S. A.* 33:1–26. The act does regulate transfers of licenses but not contracts of sale or sales thereof.

For purposes of this case we need not delineate the whole range of "beneficial interests" in a license within the contemplation of the Legislature in the enactment of the 1962 statute. For the reasons stated, we are satisfied that a contract vendee does not have such an interest and gains none until there is an actual transfer of the license to him by the action of the vendor and the due approval thereof by the specified statutory authority.

The judgment is consequently affirmed.