192 N.J. Super. 80 (1983)
469 A.2d 85
ROUTE 73 BOWLING CENTER, INC., SUCCESSOR IN TITLE TO V & D REALTY CO., PLAINTIFF-APPELLANT,
v.
EDMUND ARISTONE AND NINA FRANCE, INC., T/A EDDIES COCKTAIL LOUNGE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 25, 1983.
Decided November 23, 1983.
*81 Before Judges MICHELS, KING and DREIER.
Bookbinder & Colaguori, for appellant (Louis A. Colaguori, on the brief).
*82 Morris & Brook, for respondents (Herbert O. Brook, Jr., on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
This case readdresses the question of the rights possessed by a holder of a contract to purchase a liquor license and the remedies, if any, available to such claimant upon the breach of the agreement to transfer the license.
Plaintiff, successor in title to V & D Realty Co., filed its complaint on August 28, 1981 for declaratory judgment seeking specific performance of certain provisions of its predecessor's lease agreement with defendant Aristone. Plaintiff's predecessor was the owner of the Cherry Valley Bowling Academy on Route 73 in Maple Shade. The lease was for an indefinite period, with the landlord retaining the right to terminate if it sold the bowling alley which occupied the majority of the premises or upon other events not here pertinent. Defendant operated a tavern on the premises; the lease provided that upon termination the lessor or its nominee could buy the liquor license and furnishings of the tavern for $50,000. Aristone, the tenant, also granted the lessor a first refusal to purchase the tavern business in the event he wished to sell.
The parties' symbiotic relationship continued from 1959 through 1978 when Aristone transferred the liquor license and business to Nina France, Inc. whose sole shareholder was Aristone's daughter. Plaintiff's predecessor claimed it was neither notified of the sale nor given its right of first refusal pursuant to the lease. Defendants claimed they had given proper notice and that the right of first refusal had been waived. This dispute continued from 1978 until May 1981, and plaintiff's predecessor refused to deposit or cash any rent checks delivered for this period. But in May of 1981 V & D Realty Co. sold the premises to plaintiff (without prior notification to Aristone), and after the conveyance V & D Realty Co. requested Aristone to make good the stale rent checks which was accomplished  and *83 they were deposited. In August 1981 Aristone received notification that the premises had been sold, whereupon he refused to sell or transfer the liquor license pursuant to the lease agreement, even though the $50,000 purchase price was tendered. Plaintiff then instituted this action for declaratory judgment that the contract was enforceable, and at the pretrial conference expanded his claim, as reflected in the pretrial order, to demand judgment for both specific performance and damages. An amended complaint to that effect was filed and answered.
This case presents two issues for determination: (1) whether specific performance may be granted under the facts of this case, and (2) if specific performance is to be denied, is plaintiff entitled to damages?

I
It is settled law in this state that specific performance may not be granted for a contract of sale of a liquor license. Iavicoli v. DiMarco, 142 N.J. Eq. 699, 700-701 (E. & A. 1948); Packard-Bamberger etc. v. Bor. Council of Oakland, 87 N.J. Super. 92, 96-97 (App.Div. 1965), and see cases cited therein. The Supreme Court in The Boss Co., Inc. v. Bd. of Comm'rs of Atlantic City, 40 N.J. 379, 387-388 (1963), after declaring that the liquor license was "property" upon which the Federal government could levy for unpaid taxes, cited with approval the various authorities upon which the Packard-Bamberger decision was based.
The above cases all relate to the enforcement of a contract for the sale of a liquor license or the licensed premises and the license. Is it a valid distinction that in this case the parties' relationship for over 20 years was governed by a lease in which this provision appeared? We think not. The underlying reasoning behind the cited cases is that the local Alcoholic Beverage Control Board should have unfettered discretion as to whether to approve or deny a transfer without having to consider possessory rights of a third party. In addition, no third party should be permitted to have control of the licensed premises and a right *84 to the possession of the license in the future was and is seen to give rise to such shadow control. N.J.S.A. 33:1-26 which deems the license not to be "property, subject to ... sale, pledge, ... or any other transfer or disposition whatsoever, except to the extent expressly provided by this chapter," has been uniformly interpreted as prohibiting the remedy of specific performance based upon any contractual arrangement. Although, as noted in part II of this opinion, the nature of the parties' understanding may be relevant for other purposes, the trial court correctly rejected plaintiff's arguments and held that even the long-standing relationship between the parties and the acceptance of over 20 years of benefits did not authorize granting specific performance under the existing law of the State.

II
Little mention was made during the trial of the alternative damage claim. The court noted that there was no evidence from which he could "ascertain that the Plaintiff is entitled to any damages for the alleged breach of the lease by the Defendant Aristone in transferring the liquor  the tavern to his daughter or for any other reason. There's no showing that any activity by the Defendants has caused any actual damages to the Plaintiff." The judge stated further that the rent had been paid; he could find no other basis for damages. The judge, however, overlooked the breach of the agreement to transfer the license. Although specific performance cannot be ordered, a breach of this express agreement could provide a basis for the awarding of damages. Such an award would in no way interfere with the local ABC Board's unbridled discretion in approving transfer of a license nor would it disturb the present owner's possession of the licensed premises or the license itself. As was noted in Rawlins v. Trevethan, 139 N.J. Eq. 226, 229-230 (Ch. 1947):
... Many years ago, Vice-Chancellor Van Fleet declared it unconscionable for a man to take the promise of another to do a particular thing which the promisee knew, at the time the promise was made, the promisor could not perform except by the consent or concurrence of a third person, and then, when consent or *85 concurrence was refused by the third person in good faith, to demand a strict and literal fulfillment of the promise. The Vice-Chancellor added: `He contracts with full notice of the uncertainty or hazard attending the promisor's ability to perform, and has no right, therefore, to ask the extraordinary aid of a court of conscience in repairing the loss he has sustained by the non-fulfillment of the contract. He must be content with his ordinary legal remedy.' Peeler v. Levy, 26 N.J. Eq. 330, 332 ... [Emphasis added].
The Rawlins case was cited with approval in The Boss Co. Inc., supra, 40 N.J. at 388.
If, by reason of defendant's breach of the agreement, plaintiff is forced to purchase another license on the market at a price in excess of the contract price, or if it can show other damages arising from the breach of this agreement, it should be entitled to proceed with such claim as in any other case of an alleged breach of contract. Although there was some testimony as to the value of licenses at the time of the transfer to Aristone's daughter's corporation, there has been an insufficient development of this issue both below and before us. We, therefore, are remanding this matter to the trial court to permit the parties fully to explore this issue, if plaintiff wishes to advance such claim. We are reversing only so much of the judgment as has dismissed plaintiff's alternative damage claims.
The judgment appealed from is affirmed in part, reversed in part, and is remanded to the Chancery Division for consideration of the alternative damage claims. We do not retain jurisdiction.